| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>Neal J. Deckant (322946)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>Email: ndeckant@bursor.com<br><br>*Attorneys for Plaintiff* | **COOLEY LLP**<br>TRAVIS LEBLANC (251097)<br>(tleblanc@cooley.com)<br>KRISTINE A. FORDERER (278745)<br>(kforderer@cooley.com)<br>ANUPAM DHILLON (324746)<br>(ADhillon@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Telephone: +1 415 693 2000<br>Facsimile: +1 415 693 2222<br><br>TIANA DEMAS (*pro hac vice*)<br>(tdemas@cooley.com)<br>110 N. Wacker Drive, 42nd Floor<br>Chicago, IL 60606<br>Telephone: +1 312 881 6500<br>Facsimile: +1 312 881 6598<br><br>URVASHI MALHOTRA (334466)<br>(umalhotra@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: +1 650 843 5000<br>Facsimile: +1 650 849 7400<br><br>*Attorneys for Defendant Google LLC* |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL AMBRIZ, individually and on behalf of all other persons similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>GOOGLE, LLC,<br><br>                Defendant. | Case No. 3:23-cv-05437-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT (ECF No. 23)**<br><br>Hon. Rita F. Lin |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-cv-05437-RFL

**I.     INTRODUCTION**

Plaintiff Misael Ambriz ("Plaintiff"), and Defendant Google LLC ("Google") (collectively, the "Parties") in the above-captioned action respectfully submit this Joint Case Management Statement pursuant to the Clerk of Court's November 27, 2023 Order (ECF No. 23).

**II.    DATE FILED**

Plaintiff filed the Class Action Complaint on October 23, 2023 (ECF No. 1). Google was served on November 13, 2023 (ECF No. 13).

**III.   THE PARTIES**

Plaintiff is a resident of Napa County, California and has an intent to remain there, and is therefore a citizen of California. Google is a Delaware limited liability company, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Because Plaintiff has brought this matter as a class action, Plaintiff asserts that Google is an "unincorporated association" under the Class Action Fairness Act, and is therefore "a citizen of the State where it has its principal place of business [California] and the State under whose laws it is organized [Delaware]." 28 U.S.C. § 1332(d)(10).

**IV.    CLAIMS**

Plaintiff brings a claim for violation of the California Invasion of Privacy Act ("CIPA") § 631 on behalf of himself, on behalf of a putative class defined as all individuals who, while in the United States, allegedly had the contents of their conversations with Verizon read and learned by Defendant (the "Nationwide Class"), and on behalf of a putative subclass defined as all individuals who, while in the State of California, allegedly had the contents of their conversations with Verizon read and learned by Google (the "California Subclass").

Plaintiff alleges—and Google disputes—that, when he and other putative Class Members called Verizon or other customer service telephone lines, Google read, attempted to read, or learned the contents of Plaintiff's and Class Members' communications without prior consent while those communications were "in transit" or being sent from or received in California, in violation of CIPA § 631(a)[ii].

## V.   FACTS

**Plaintiff's Statement:** Defendant has developed and provides a customer service product called Google Cloud Contact Center AI ("GCCCAI"), which is employed by numerous entities, including Verizon, to monitor customer service telephone lines for voice-based interactions. Compl. ¶¶ 1-2. When a consumer calls into a GCCCAI-powered contact center, they may first be presented with a virtual agent provided by Defendant. *Id.* ¶ 18. Virtual agents are not identified as being provided by Defendant, and so consumers reasonably believe the virtual agent is provided by the company they are calling (*e.g.*, Verizon). *Id*. If a consumer requests to speak with a human agent, the virtual agent transfers the consumer—along with a transcript of the conversation up until that point— to a human agent." *Id.* ¶ 19. Crucially, once a consumer is routed from the virtual agent to the human agent, they expect the conversation is only between themselves and the human customer service agent. *Id.* ¶ 20. And yet, contrary to those expectations, Defendant is still listening even when a call is transferred from a virtual agent to a human agent." *Id.* ¶ 21. Specifically, a Google "session manager monitors the state of the conversation" with the human agent. *Id*.

When Defendant monitors these conversations between consumers and customer service representatives, it analyzes the content of those conversations to, for example, (i) suggest articles and real-time, step-by-step guidance to the customer service agent; and (ii) provide "smart replies" to the agent. *Id.* ¶¶ 22-24. And Defendant profits from the provision of this service, including by charging companies for each minute its service is used and using intercepted data to train its machine learning services. *Id.* ¶¶ 26, 28.

Based on the foregoing allegations, Plaintiff alleges that Defendant is a third party wiretapper who read, attempted to read, or learned the contents of her conversations with Verizon with her prior consent, as well as those of putative class members. *Id.* ¶¶ 29-39. Accordingly, Plaintiff alleges that Defendant's conduct violations CIPA § 631(a)[ii].

**Google's Statement:** Google Cloud developed and owns Contact Center AI ("CCAI"), a platform that Google Cloud provides to entities operating customer call centers[1]. CCAI is a tool that

---

[1] *See* Compl. ¶ 17 n.1 (citing CONTACT CENTER AI, https://cloud.google.com/solutions/contact-center (last accessed on December 1, 2023) ("CONTACT CENTER AI")).

1   entities use to help process, analyze, and respond to customer calls.  End users who contact call centers
2   employing CCAI may converse with a "virtual agent."  (Compl. ¶ 18.)  Virtual agents are not human
3   agents, but rather, a computer "powered by generative [artificial intelligence] that can seamlessly
4   switch between topics, support transactions, and operate across multiple channels 24/7 *to minimize*
5   *live agent interventions*."[2]

6   If an end user requests to speak with a live, human agent, that agent can use CCAI to assist
7   him or her "with continuous support during their calls and chats by identifying intent and providing
8   real-time, step-by-step assistance," which is referred to as "agent assist."[3]  The agent receives
9   assistance from a non-human "session manager," which is another feature of the CCAI AI-based
10  platform.  Plaintiff does not allege, and could not allege, that any live human associated with Google
11  monitors the calls.  Plaintiff alleges that Google Cloud's terms state that Cloud customers may give
12  Google Cloud permission to use information collected from the calls to improve AI software, but there
13  is no allegations that Google has done this in Verizon's case.  (Compl. ¶ 28.)

14  According to Plaintiff, he called Verizon "several times, including most recently in or about
15  January 2023."  (Compl. ¶ 32.)  Plaintiff does not claim that he was in the past or is currently a Verizon
16  customer, nor does he describe the contents of his communications with the Verizon agent.
17  Nonetheless, Plaintiff alleges that he "reasonably expected his conversations with Verizon to be only
18  between himself and Verizon."  (*Id.* ¶ 33.)  Plaintiff claims that he did not expect the "virtual agent"
19  to be Google.  (*Id.* ¶¶ 34–35.)  Plaintiff alleges that CCAI suggested "smart replies" and "news articles"
20  to the Verizon agent when on the phone with Plaintiff.  (*Id.* ¶ 36.)  According to Plaintiff, Google was
21  a "third party" that "read" and/or "learned" of his communications.  (*Id.* ¶¶ 41, 54.)

22  Based on these facts, Plaintiff initiated this class action complaint on behalf of a nationwide
23  and California putative class.  Plaintiff seeks $5,000 for each violation by Google based on the facts
24  noted above in addition to awards for Plaintiff, the putative class, and counsel for fees and expenses,
25  (Compl. ¶ 60.)  Google cannot be liable to Plaintiff under the theory pled in the Complaint and denies
26  that Plaintiff is entitled to any relief whatsoever.

27
28
[2] CONTACT CENTER AI (emphasis added).
[3] *Id.*

## VI. LEGAL ISSUES

**Plaintiff's Statement:** Plaintiff anticipates the Court adjudicating at least the following legal issues: (i) whether Plaintiff can state a claim against Defendant for a violation of CIPA § 631(a)[ii]; (ii) whether Plaintiff can meet the requirements for certification of the Nationwide Class and California Subclass under Fed. R. Civ. P. 23(a) and 23(b)(3); and (iii) whether Plaintiff and the proposed classes are entitled to damages, and the measure of such damages.

**Google's Statement:** Google denies that it is liable under any of Plaintiff's legal theories. Google anticipates that, in addition to determining whether the facts support Plaintiff's claim, disputed legal issues will concern, should discovery so reveal, whether this case should be resolved through arbitration.

## VII. RELIEF

**Plaintiff's Statement:** Pursuant to Cal. Penal Code § 637.2, Plaintiff seeks statutory damages of $5,000 on behalf of himself and the proposed classes for each of Defendant's violations of CIPA § 631(a)[ii], for pre- and post-judgment interest on all amounts awarded, and for an award of attorneys' fees, costs, and expenses.

**Google's Statement:** Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate. Google denies that Plaintiff is entitled to any relief whatsoever in connection with the cause of action pled in the Complaint, or that the class alleged in the Complaint can be certified.

## VIII. DISCOVERY

The Parties have not yet commenced discovery, nor have the Parties proposed any deadlines for the cutoff of fact or expert discovery. The Parties had intended to propose those deadlines in the January 18, 2024 case management statement ordered by Judge Jacqueline Scott Corley, which has since been vacated upon reassignment. This Court has not rescheduled an initial case management conference.

## IX. RELATED CASES

The Parties are not aware of any related cases.

## X. PROCEDURAL HISTORY

Plaintiff filed the Class Action Complaint on October 23, 2023 (ECF No. 1). On October 25, 2023, this matter was assigned to Judge Haywood S. Gilliam Jr. (ECF No. 7). On October 26, 2023, Judge Gilliam recused himself (ECF No. 9), and this matter was reassigned to Judge Corley (ECF No. 10). On November 27, 2023, this matter was reassigned to this Court (ECF No. 23), which vacated the initial case management conference and all pretrial conference deadlines. No motion practice has occurred at present.

## XI. DEADLINES

Prior to reassignment, the Parties were scheduled to attend a case management conference with Judge Corley on January 24, 2023, with a case management statement due on January 18, 2024 and any ADR certification pursuant to ADR L.R. 3.5 due on January 4, 2024.

On November 22, 2023, Judge Corley granted the Parties' Joint Motion to Extend Time to Respond to the Complaint (ECF No. 21), which set the following deadlines:

1. Google's deadline to answer or otherwise respond to the Complaint is January 16, 2024.

2. Plaintiff's opposition to any motion filed by Google in response to the Complaint is February 15, 2024.

3. Google's reply in connection with any motion filed in response to the Complaint is March 7, 2024.

## XII. MODIFICATION OF DEADLINES

As noted above, the Parties moved for, and Judge Corley granted, an extension of Google's deadline to answer or otherwise respond to the Complaint and a briefing schedule for any motion filed in response to the Complaint (ECF No. 21). Pursuant to this Court's Standing Order, if Google moves to dismiss Plaintiff's complaint in its entirety, Google anticipates on seeking a stipulation from Plaintiff to schedule or "move the initial case management conference to 15 days after the hearing on that motion" to dismiss. (Standing Order at 2.)

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties *do not* consent to proceed before a Magistrate Judge for trial (ECF No. 4).

**XIV.   EMERGENCY**

The Parties do not believe there exists an immediate need for a case management conference to be scheduled in the action.

Dated: December 11, 2023                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Neal J. Deckant*
       Neal J. Deckant

Neal J. Deckant (322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

*Attorneys for Plaintiff*

**COOLEY LLP**

By: */s/ Kristine Forderer*

TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
ANUPAM DHILLON (324746)
(ADhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

TIANA DEMAS (*pro hac vice*)
(tdemas@cooley.com)
110 N. Wacker Drive, 42nd Floor
Chicago, IL 60606
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598

URVASHI MALHOTRA (334466)
(umalhotra@cooley.com)
3175 Hanover Street

Palo Alto, CA 94304
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

*Attorneys for Defendant Google LLC*