# Exhibit 1

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
Nicholas C. Soltman (State Bar No. 277418)
11766 Wilshire Blvd. Suite 750
Los Angeles, CA 90025
Phone:(310) 566-9800
Fax: (310) 566-9886
nsoltman@khiks.com

**THE SIMON LAW FIRM, P.C.**
Anthony G. Simon (*pro hac vice forthcoming*)
Jeremiah W. Nixon (*pro hac vice forthcoming*)
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHRISTOPHER BARULICH,
individually and on behalf of
all others similarly situated,

Plaintiffs;

v.

THE HOME DEPOT, INC.,
a Delaware corporation, and
GOOGLE, LLC.,
a Delaware limited liability company,

Defendants.

Case No. 2:24-cv-01253

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

Plaintiff Christopher Barulich, individually and on behalf of all other similarly situated persons, brings this action against Defendants The Home Depot, Inc., and Google, LLC, for violations of the California Invasion of Privacy Act ("CIPA"), and in support, upon personal knowledge as to the facts pertaining to himself and upon information and belief as to all other matters, and based on the investigation of counsel, states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action on behalf of himself and all other Californians who called Home Depot customer service and had their privacy violated when Home Depot allowed Google to access, record, read, and learn the contents of their calls.

2. Defendant Google developed and operates a service called Cloud Contact Center AI ("CCAI") that enables it to listen to and analyze customer service calls in real time.

3. Beginning in 2021 or earlier, and without first implementing a practice of obtaining authorization from callers, Home Depot employed Google to use its CCAI technology to monitor and analyze all of its live customer service calls.

4. The California Invasion of Privacy Act prohibits the surreptitious third-party monitoring and recording of phone calls carried out by Home Depot and Google in this case.

5. Defendants violated CIPA each time someone called Home Depot and the contents of that call were disclosed to third-party Google without prior consent from all parties to the call.

6. Plaintiff brings this action seeking remedy for these illegal practices.

## PARTIES

7. Plaintiff Christopher Barulich is an adult citizen of the State of California who resides in Los Angeles, California. On multiple occasions while located in California, Plaintiff Barulich used his cell phone to call Home Depot and spoke with live-agent customer service representatives. Upon information and belief, these calls were secretly wiretapped or eavesdropped upon and recorded by Google.

8. Defendant The Home Depot, Inc. is a Delaware corporation with its headquarters located in Atlanta, Georgia. Home Depot has more than 2,300 stores in North America and over 230 stores in California alone. Home Depot owns and operates more stores in California than in any other state in the country.

9. Defendant Google, LLC is a Delaware limited liability company with its principal place of business in Mountain View, California.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this case is a class action where the class includes more than 100 members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and members of the class are citizens of states different from at least one Defendant.

11. This Court has personal jurisdiction over Home Depot because Home Depot conducts systematic and continuous business in California, directs advertising to California residents, and maintains a substantial retail store presence across the state.

12. This Court has personal jurisdiction over Google because its principal place of business is in California.

13. Venue is proper in this District under 28 U.S.C. § 1391 because this is a District in which Plaintiff resides and a substantial part of the events

or omissions giving rise to the claims occurred, and because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### A. California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq*.

14. In 1967, the California Legislature enacted the California Invasion of Privacy Act. The Legislature has updated and amended CIPA numerous times. *See* Cal. Penal Code § 630, *et seq*.

15. The Legislature passed CIPA "in response to what it viewed as a serious and increasing threat to the confidentiality of private communications resulting from then recent advances in science and technology that had led to the development of new devices and techniques for eavesdropping upon and recording such private communications." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 115 (2006) (citations omitted).

16. The Legislature and subsequent California Supreme Court decisions have highlighted the distinction between the mundane "secondhand repetition" of a conversation and the much more dangerous "simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device." *Ribas v. Clark*, 38 Cal. 3d 355, 360–61 (1985).

17. Section 631(a) of CIPA prohibits (i) intentional wiretapping, (ii) willfully attempting to the learn the contents or meaning of a communication in transit over a wire, and (iii) attempting to use or communicate information obtained under (i) or (ii). Cal. Penal Code § 631(a).

18. Further, this section also imposes liability upon any party who "aids, agrees with, employs, or conspires with any person or persons" who

violate provisions (i)-(iii) of § 631(a).

19. CIPA grants Plaintiff and class members the power to bring a private right of action to remedy these privacy violations for $5,000 per violation. *See* Cal. Penal Code § 637.2.

**B. Plaintiff's communications with Home Depot**

20. Plaintiff Barulich placed multiple calls to Home Depot customer service, including most recently in or about October 2023.

21. Durning these conversations with Home Depot, Plaintiff first spoke with a Home Depot "virtual agent" and then was transferred to a human Home Depot customer representative.

22. Plaintiff reasonably believed that all communications on these calls were only between himself and Home Depot.

23. Plaintiff was not aware, and had no reason to believe, that his communications were simultaneously being disclosed to a third party: Google. Plaintiff was not informed at the beginning of his calls that Google would be monitoring and recording the calls.

24. When Plaintiff spoke with human Home Depot customer service representatives, he had a reasonable expectation that the conversation was only between himself and Home Depot.

25. Plaintiff did not expect, or have any reason to believe, that Google was listening to the contents of his conversations and, without prior authorization, reading, attempting to read, or learning the contents or meaning of Plaintiff's communications.

26. But, upon information and belief, Google, though its Cloud Contact Center AI, surreptitiously listened in and monitored Plaintiff's communications with Home Depot. Google used this CCAI technology to transcribe Plaintiff's conversations in real time, analyze the contents of Plaintiff's communications, and suggest possible replies to the live Home

Depot agent on the phone.

27. Throughout this process, Google read, attempted to read, or learned the contents of Plaintiff's communications with Home Depot.

28. Home Depot and Google worked together, employing the CCAI technology, to invade the privacy of Plaintiff and all other similarly situated callers in violation of CIPA. *See* Cal. Penal Code § 630, *et seq*.

**C. Google Cloud Contact Center AI ("CCAI")**

29. Google has developed an "artificial intelligence" product designed to handle customer service that it has named Cloud Contact Center AI or CCAI. On information and belief, Home Depot works with Google and has used Google's CCAI since at least 2021.

30. Google profits from its deployment of CCAI by charging users, such as Home Depot, to use Google's CCAI services.

31. Further, Google has the capability to use the contents of communications it intercepts for purposes beyond the scope of individual customer service calls. For example, Google can use information and data gleaned from customer service calls to Home Depot to further train or develop its AI models. On information and belief, Google uses customer service calls to train and refine its AI models.

32. When Plaintiff and class members called Home Depot customer service, Google's CCAI did not act as a mere passive tool. Google CCAI is an ongoing and ever-evolving arm of Google—a third party to conversations between callers and Home Depot.

33. Instead of functioning like a tape recorder purchased by Home Depot, the use of CCAI allows Google itself to eavesdrop or wiretap into live conversations between callers and Home Depot.

34. Google intercepts and analyzes the real-time content of communications between class members and Home Depot.

35. Therefore, in a completely unauthorized manner and without consent from callers, Google eavesdrops, taps, or connects to, calls between Plaintiff and class members on one end, and Home Depot on the other end, and reads, attempts to read, or learns the contents of communications between the parties to each call.

**CLASS ALLEGATIONS**

36. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23, on his behalf, and also seeks to represent the following proposed class:

> All California residents who called Home Depot during the timeframe in which Home Depot permitted Google to access, read, and/or learn the contents of callers' communications via its CCAI service.

37. Excluded from the class are Defendants, their past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns, and any entity in which any of them have a controlling interest, as well as judicial officers assigned to this case as defined in 28 U.S.C. § 455(b) and their immediate families.

38. **Numerosity (Fed. R. Civ. P. 23(a)(1))**: Members of this class action are so numerous and geographically dispersed that joinder of all members of the classes is impractical. Given that there are more than 230 Home Depot stores in the State of California, even a small percentage of customers placing calls to Home Depot would satisfy Rule 23's numerosity requirement.

39. **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2) and 23(b)(3))**: Common questions of law and fact predominate over questions that may affect individual members of the class. Common

questions that will determine the outcome of this class action include:

a. Whether Google violated CIPA § 631;

b. Whether Home Depot aided, agreed with, employed, or conspired with Google to facilitate violations of CIPA § 631;

c. Whether Google was a third party to calls or merely provided a tool to Home Depot as an end user;

d. Whether Plaintiff and members of the class are entitled to damages for Defendants' CIPA violations;

e. Whether Home Depot or Google obtained prior consent from Plaintiff and members of the class before allowing a third party, Google, to access live communications; and

f. Whether Home Depot or Google claim to have obtained retroactive consent from Plaintiff and members of the class.

40. **Typicality (Fed. R. Civ. P. 23(a)(3))**: Plaintiff's claims are typical of those of the class because Plaintiff, like all members of the class, called Home Depot and spoke to customer service, but was not informed, and did not provide authorization, regarding the third-party Google's access to communications.

41. **Adequacy (Fed. R. Civ. P. 23(a)(4))**: Plaintiff will fairly and adequately protect the interests of the class because Plaintiff and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex class action litigation and are committed to vigorously prosecuting this class action.

42. **Superiority (Fed. R. Civ. P. 23(b)(3))**: Class treatment is the superior method for a fair and efficient adjudication of this controversy as

individualized litigation of the claims of class members is impractical. Class treatment will permit thousands of similarly situated person to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that individual lawsuits would entail. The benefits of proceeding through the class mechanism, including providing injured persons a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweigh potential difficulties in management of this class action.

43. The complex nature of the litigation, along with the expenses associated with vigorous prosecution of these claims, renders individual lawsuits irrational and not economically viable.

44. Class certification is also appropriate for equitable or injunctive relief because Defendant has acted or refused to act on grounds that apply generally to the class such that final injunctive relief is appropriate for the class as a whole.

## CAUSES OF ACTION

### COUNT I

### (Against Google)

### Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631

45. Plaintiff incorporates all foregoing paragraphs as though fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed class against Defendant Google for privacy violations under CIPA.

47. Section 631(a) imposes liability for four distinct patterns of conduct. Liability under § 631(a) attaches to any person:

(i) Who, by means of any machine instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

OR

(ii) Who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state,

OR

(iii) Who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

OR

(iv) Who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

(Numbering added for clarity)

48. Google's CCAI is a "machine, instrument, contrivance, or . . . other manner" used to engage in conduct prohibited under CIPA.

49. Google, through CCAI, intentionally tapped, or made an unauthorized connection, electronically or otherwise, the telephone lines of communications between callers—i.e., Plaintiff and class members—and Home Depot.

50. Google, through CCAI, willfully and without the consent of all

parties to the communication, or in any unauthorized manner, read, or attempted to read, or learn the contents or meaning of electronic communications of Plaintiff and class members while the electronic communications were in transit or passing over any wire, line, or cable, or were being sent from or received at any place in California.

51. Plaintiff and class members did not consent to any of Google's actions with regard to the conduct discussed herein. Moreover, Plaintiff and class members could not have consented to Google's actions because callers reasonably believed that their communications were between themselves and Home Depot.

52. Defendant Google invaded the privacy of Plaintiff and class members by secretly listening in, recording, and analyzing live communications between callers and Home Depot.

53. Cal. Penal Code § 637.2 grants Plaintiff and class members the power to bring a private action to remedy a violation of § 631 and fixes the amount of damages recoverable at $5,000 per violation.

54. Cal. Penal Code § 637.2 further entitles Plaintiff to bring an action to enjoin and restrain any violation of Cal. Penal Code § 630 *et seq*.

**COUNT II**

**(Against Home Depot)**

**Violation of the California Invasion of Privacy Act,**

**Cal. Penal Code § 631**

55. Plaintiff incorporates all foregoing paragraphs as though fully set forth herein.

56. As discussed above, CIPA imposes liability on any party who "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Cal. Penal Code § 631(a).

57. On information and belief, Home Depot employed Google and its CCAI system to monitor customer service phone calls.

58. Home Depot knowingly and willingly enabled third-party Google to tap into live customer service calls and to learn the contents of those communications in real time.

59. Plaintiff and class members did not consent to Home Depot's simultaneous disclosure of their communications to Google.

60. Cal. Penal Code § 637.2 grants Plaintiff and class members the power to bring a private action to remedy a violation of § 631 and fixes the amount of damages recoverable at $5,000 per violation.

61. Cal. Penal Code § 637.2 further entitles Plaintiff to bring an action to enjoin and restrain any violation of Cal. Penal Code § 630 *et seq*.

**PRAYER FOR RELIEF**

62. Wherefore, Plaintiffs, individually and on behalf of the proposed class, respectfully request that this Court:

a. Enter an order certifying the class under Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff as the representative of the class and designate Plaintiff's counsel as counsel for the class;

c. Declare that Defendants violated CIPA, Cal. Penal Code § 630 *et seq*.;

d. Grant permanent injunctive relief enjoining Defendants from eavesdropping on telephonic communications without the consent of all parties;

e. Enter judgment for Plaintiff and the class against Defendants on all counts and award Plaintiff and each class member damages in the amount of $5,000 per violation of Cal. Penal Code § 631, reasonable attorneys' fees, expenses, and costs;

f. Award pre- and post-judgment interest; and

g. Grant such other relief as the Court deems just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

Dated: February 14, 2024

Respectfully submitted,


**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
Nicholas C. Soltman (State Bar No. 277418)
11766 Wilshire Blvd. Suite 750
Los Angeles, CA 90025
Phone:(310) 566-9800
Fax: (310) 566-9886
nsoltman@khiks.com

Anthony G. Simon (pro hac vice forthcoming)
Jeremiah W. Nixon (pro hac vice forthcoming)
**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

*Attorneys for Plaintiff and the Class*