UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL AMBRIZ,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>        Defendant. | Case No. 23-cv-05437-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 28 |

The Court requests that the parties be prepared to address the following questions at the hearing on Google's motion to dismiss, set for March 19, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Under the approach in *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891 (N.D. Cal. 2023), and *Yockey v. Salesforce, Inc.*, 2023 WL 5519323 (N.D. Cal. Aug. 25, 2023), the key question is whether Google's software had the capability to divulge the recording for any other purpose but that of Verizon. None of the cases cited by the parties address a situation in which the technology is capable of divulging the information for other purposes, but the party is contractually barred from doing so. Are the parties aware of case law addressing that situation? Why should a contractual restriction be treated as if it were the same as a technological restriction in assessing the capability of the software? Is it Google's position that a plaintiff bringing a CIPA action involving software as a service must always allege that the software provider has a contractual right to use the data for its own

1

purposes?

2. Assume for the sake of argument that the "capability" analysis applies and focuses on the software's technical capability (and not the contractual restrictions). Plaintiff alleges that Google's Service Specific Terms prohibit it from "us[ing] Customer Data to train or fine-tune any AI/ML models." Is it therefore a plausible inference that such a restriction is necessary because Google's software is otherwise technologically capable of using the recordings for the purpose of training or fine-tuning AI/ML models?

3. The fact that Verizon is a telephone company that offers cell phone service seems like a fact that is generally known within the Northern District of California. Fed. R. Evid. 201(b)(1). Does Plaintiff contend otherwise? A "telephone company" within the meaning of CIPA includes "a telephone corporation as defined in Section 234 of the Public Utilities Code." Cal. Penal Code § 638(c)(3). The California Public Utilities Commission has recognized that "[w]ireless carriers" such as Verizon "are 'telephone corporations' and therefore public utilities under Pub. Util. Code §[] . . . 234." *In the Matter of the Joint Application of Tracfone Wireless, Inc. (U4321c), Am. Movil, S.A.B. De C.V. & Verizon Commc'ns, Inc. for Approval of Transfer of Control over Tracfone Wireless, Inc.*, No. 20-11-001, 2021 WL 5514578, at *3 (Nov. 18, 2021). Does Plaintiff contend otherwise?

4. The case law cited by Plaintiff regarding Section 631(b) does not appear to clearly impose a "necessity" requirement. The text of the statute does not contain such a requirement either, imposing only a requirement that the wiretapping be "for the purpose of . . . operation of the services and facilities of the . . . telephone company." On what basis does Plaintiff contend that the Section 631(b) exception applies only to acts "necessary" to phone service?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they

wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they shall read those citations into the record at the hearing and email [rflcrd@cand.uscourts.gov](mailto:rflcrd@cand.uscourts.gov) with a courtesy copy of the list of those citations (**not** the actual cases, just the citations) immediately after the hearing.

    **IT IS SO ORDERED.**

Dated: March 15, 2024

                                                RITA F. LIN
                                                United States District Judge