| | |
|---|---|
| COOLEY LLP<br>TRAVIS LEBLANC (251097)<br>(tleblanc@cooley.com)<br>KRISTINE A. FORDERER (278745)<br>(kforderer@cooley.com)<br>ANUPAM DHILLON (324746)<br>(ADhillon@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Telephone:     +1 415 693 2000<br>Facsimile:     +1 415 693 2222<br><br>TIANA DEMAS (*pro hac vice*)<br>(tdemas@cooley.com)<br>110 N. Wacker Drive, 42nd Floor<br>Chicago, IL 60606<br>Telephone:     +1 312 881 6500<br>Facsimile:     +1 312 881 6598<br><br>Attorneys for Defendant<br>GOOGLE LLC | BURSOR & FISHER, P.A.<br>Neal J. Deckant (State Bar No. 322946)<br>1990 North California Blvd., 9th Fl.<br>Walnut Creek, CA 94596<br>Telephone:  (925) 300-4455<br>Facsimile:  (925) 407-2700<br>Email: ndeckant@bursor.com<br><br>Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISAEL AMBRIZ, JIMMY NIMMO, CHRISTOPHER BISSONNETTE, AHMAD MEHDIPOUR, EUGENE ERLIKH, JAMES FOX, and PETER SAMISH, individually and on behalf of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 3:23-cv-05437-RFL<br><br>**JOINT ADMINISTRATIVE MOTION TO (1) CONSIDER WHETHER CASES SHOULD BE RELATED AND (2) CONSOLIDATE CASES** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 42(a)(2) and Civil Local Rules 3-12(b) and 7-11 of the United States District Court for the Northern District of California, Defendant Google LLC ("Google") and all Plaintiffs jointly submit this Administrative Motion to (1) Consider Whether Cases Should be Related and (2) Consolidate Cases.

Cooley LLP
Attorneys at Law
San Francisco, CA

Joint Admin. Mtn. to Consider Whether Cases
Should Be Related and Consolidate Cases
Case No. 3:23-cv-05437-RFL

## I.   INTRODUCTION

The *Ambriz* and *Barulich* cases are putative class actions brought against a sole defendant, Google, for alleged violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 630, *et seq.*, related to the operation of one of Google's customer service products, the Google Cloud Contact Center AI ("CCAI"). *See* First Am. Class Action Compl. ("*Ambriz* FAC"), *Ambriz v. Google, LLC* ("*Ambriz*"), No. 23-cv-05437-RFL (N.D. Cal.), ECF No. 39; Class Action Compl. ("*Barulich* Compl."), *Barulich v. Google, LLC* ("*Barulich*"), No. 24-cv-06225-AMO (N.D. Cal.), ECF No. 1. The *Barulich* case was originally filed in the Central District but, following a motion to transfer by Google, it was voluntarily dismissed by Plaintiff and re-filed in the Northern District. Decl. of Kristine Forderer ("Forderer Decl.") ¶¶ 3–5. Google notified this Court of the *Barulich* case in March 2024, and the Parties previewed that they anticipated seeking consolidation once *Barulich* was transferred to the Northern District in July 2024. *See* ECF Nos. 31, 40.

As described below, these cases are related because they concern substantially the same parties and events and there would be both undue duplication of labor and expense and high potential for conflicting results should the cases be conducted before two courts in this district. The cases are suitable for consolidation for these same reasons, and because they involve common questions of both law and fact as to whether use of Google's CCAI product violates CIPA.

## II.   RELEVANT BACKGROUND

Plaintiff Misael Ambriz initiated the *Ambriz* action against Google on October 23, 2023. ECF No. 1. Google moved to dismiss and that motion was granted with leave to amend. ECF Nos. 28, 37. The operative *Ambriz* FAC was filed on July 22, 2024, adding new named Plaintiffs and asserting counts for violation of § 631(a) and § 637.5 of the California Penal Code on behalf of a putative class. *See Ambriz* FAC ¶¶ 108–29. The *Ambriz* Plaintiffs allege they called the customer service contact centers of four companies—Verizon, Hulu, GoDaddy, and Home Depot—and that those companies' use of CCAI results in Google's illegal wiretap of the Plaintiffs' conversations in violation of CIPA. *See id.* ¶¶ 33–40. Google's current deadline to respond to the *Ambriz* FAC is October 22, 2024. ECF No. 41.

On September 3, 2024, Plaintiff Christopher Barulich filed the *Barulich* putative class

Cooley LLP
Attorneys at Law
San Francisco, CA

2

Joint Admin. Mtn. to Consider Whether Cases
Should Be Related and Consolidate Cases
Case No. 3:23-cv-05437-RFL

action against Google. *See Barulich* Compl., No. 24-cv-06225-AMO (N.D. Cal.), ECF No. 1. The *Barulich* Complaint asserts one count for violation of § 631(a) of the California Penal Code. *See id.* ¶¶ 51–60. Barulich alleges that he made customer service calls to Home Depot, that Home Depot uses CCAI, and that Google is therefore liable for wiretapping in violation of CIPA. *See id.* ¶¶ 23–34. Google executed a waiver of service and the current deadline for Google to respond to the Barulich complaint is November 8, 2024. ECF No. 8; *see also* Forderer Decl. ¶ 7.

Google has conferred with counsel for both the *Ambriz* Plaintiffs and the *Barulich* Plaintiff. *See* Forderer Decl. ¶ 8. The Parties agree the actions should be related and consolidated, and the Parties now jointly make this administrative motion for an order relating and consolidating the *Ambriz* and *Barulich* cases.

### III. THE *AMBRIZ* AND *BARULICH* CASES ARE RELATED

The *Ambriz* and *Barulich* cases meet both prongs of the definition of related cases, *i.e.*, "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). The *Barulich* Complaint was marked as "related" to *Ambriz* at the time of filing. *See Barulich*, No. 24-cv-06225-AMO (N.D. Cal.), ECF No. 1-1.

#### A. The Cases Concern Substantially the Same Parties and Events

Google is the sole defendant in both the *Ambriz* and *Barulich* matters. And although the single named plaintiff in *Barulich* is not one of the seven named Plaintiffs in *Ambriz*, the *Ambriz* Plaintiffs and the *Barulich* Plaintiff all seek to bring these actions on behalf of California residents who called customer service phone numbers of companies who allegedly use Google's CCAI product. *See Ambriz* FAC ¶¶ 97–102; *Barulich* Compl. ¶¶ 42–43. Further, the sole putative class in *Barulich* is limited to individuals who made phone calls to Home Depot's customer service department, *see Barulich* Compl. ¶ 42, and is thus a subset of the putative class in *Ambriz*, which includes individuals who made phone calls to the customer service lines of Home Depot, as well as Verizon, Hulu, and GoDaddy, *see Ambriz* FAC ¶ 97–101. And because the cases both arise out of the alleged use of Google's CCAI product for the customer service calls, the underlying events—

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

3

JOINT ADMIN. MTN. TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND CONSOLIDATE CASES
CASE NO. 3:23-CV-05437-RFL

*i.e.*, the manner in which the calls were conducted—are substantially the same.

### B. Separate Cases Would be Unduly Duplicative for Parties and Court

Leaving the *Ambriz* and *Barulich* matters separate is likely to lead to near-identical processes before two different Courts in this District. Should the cases proceed beyond any challenges Google raises to the operative complaints and reach the class certification stage, the plaintiffs in the two cases would seek to certify essentially the same class, particularly with respect to individuals who called Home Depot's customer service department. Discovery would likewise be inefficient and costly, as the substantial similarity of the underlying events and the CCAI product would likely lead to duplicative discovery requests, responses, and depositions, which would in turn lead to the litigation of similar material facts in any summary judgment briefing. These inefficiencies affect not only the parties but the resources of the District as a whole by requiring this Court and Judge Martínez-Olguín to preside over nearly identical cases. Further, given the myriad points of inflection in the lifecycle of a case, it "appears likely that there will be . . . conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2).

### IV. CONSOLIDATION OF *AMBRIZ* AND *BARULICH* IS APPROPRIATE

Federal Rule of Civil Procedure 42 provides that the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts have broad discretion under this rule to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In evaluating whether cases are suitable for consolidation, courts in this District "weigh[] the interest of judicial convenience against the potential for delay, confusion and prejudice." *Hessefort v. Super Micro Comp., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)). District courts throughout California have found CIPA class actions suitable for consolidation. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1020 (N.D. Cal. 2014) (noting consolidated status of class actions raising CIPA and other privacy claims in order on motion to dismiss); *Cousin v. Sharp HealthCare*, Nos. 22-cv-2040-MMA (DDL), 23-cv-33-MMA (DDL), 2023 WL 1421556, at *1–2 (S.D. Cal. Jan. 31, 2023) (granting parties' joint motion to consolidate class actions alleging CIPA violations).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

4

JOINT ADMIN. MTN. TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND CONSOLIDATE CASES
CASE NO. 3:23-CV-05437-RFL

Here, there is a weighty interest of judicial convenience. As described above, *see supra*, at Part III, the *Ambriz* and *Barulich* cases include overlapping claims against the same defendant based on the same CCAI product. The cases share both a common factual background and common questions of law: both actions assert CIPA violations based on California Penal Code § 631(a), and the *Ambriz* action additionally asserts violations of California Penal Code § 637.5. *See Barulich* Compl. ¶¶ 51–60; *Ambriz* FAC ¶¶ 108–29. Addressing the common § 631(a) allegations would involve the same legal questions, including whether Google eavesdrops on customer service calls via CCAI, whether CCAI is analogous to a tape recorder, whether Google is a third party to customer service communications that use CCAI, and whether the alleged interception is "in transit." *Compare Ambriz* FAC ¶¶ 21, 35, 115, *with Barulich* Compl. ¶¶ 38–41, 56.

Prejudice, delay, and confusion do not weigh against the interest of judicial convenience. There is no prejudice because Plaintiffs in both matters do not oppose consolidation. *See* Forderer Decl. ¶ 8. There is no risk of confusion or delay because Plaintiffs in both cases share the same counsel, Bursor & Fisher, P.A., and would be prepared to file a consolidated amended complaint within 14 days of any order consolidating these cases. *See* Forderer Decl. ¶ 9. Accordingly, Google submits that the relevant factors favor consolidation of the *Ambriz* and *Barulich* actions.

## V.   CASE SCHEDULE IN THE EVENT OF CONSOLIDATION

The current deadline for Google to respond to the *Ambriz* FAC is October 22, 2024 and the current deadline for Google to respond to the *Barulich* Complaint is November 8, 2024. *See* ECF No. 41. If the matter is consolidated, counsel for the Ambriz Plaintiff and counsel for the Barulich Plaintiffs propose to file a consolidated complaint within 14 days of the consolidation order. Forderer Decl. ¶ 9. The Parties agree, subject to Court approval, that Google will have 35 days after the consolidated amended complaint is filed to respond. *Id.* ¶ 10.

## VI.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant their joint the administrative motion and issue an order relating and consolidating the *Ambriz* and *Barulich* matters, and set the schedule agreed by the Parties for the filing and response to Plaintiffs' consolidated amended complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

5

JOINT ADMIN. MTN. TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND CONSOLIDATE CASES
CASE NO. 3:23-cv-05437-RFL

Dated: September 26, 2024                    COOLEY LLP

By: /s/ *Kristine A. Forderer*
      Kristine A. Forderer

Attorney for Defendant
GOOGLE LLC

Dated: September 26, 2024                    BURSOR & FISHER, P.A.

By: /s/ *Neal J. Deckant*
      Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

Attorneys for Plaintiffs

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

6

JOINT ADMIN. MTN. TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND CONSOLIDATE CASES
CASE NO. 3:23-CV-05437-RFL

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Kristine A. Forderer, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: September 26, 2024         COOLEY LLP

By:   */s/ Kristine A. Forderer*
      Kristine A. Forderer

307772087

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

7

JOINT ADMIN. MTN. TO CONSIDER WHETHER CASES
SHOULD BE RELATED AND CONSOLIDATE CASES
CASE NO. 3:23-CV-05437-RFL