COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
ANUPAM DHILLON (324746)
(adhillon@cooley.com)
THILINI L. CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:     +1 415 693 2000
Facsimile:      +1 415 693 2222

TIANA DEMAS (*pro hac vice*)
(tdemas@cooley.com)
110 N. Wacker Drive, 42nd Floor
Chicago, IL  60606
Telephone:     +1 312 881 6500
Facsimile:      +1 312 881 6598

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MISAEL AMBRIZ, JIMMY NIMMO, CHRISTOPHER BISSONNETTE, AHMAD MEHDIPOUR, EUGENE ERLIKH, JAMES FOX, and PETER SAMISH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:23-cv-05437-RFL<br><br>**GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6)**<br><br>Judge:          Hon. Rita F. Lin<br>Courtroom:   15, 18th Floor<br>Date:            January 28, 2025<br>Time:            10:00 a.m. |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.  STATEMENT OF ISSUES TO BE DECIDED ............................................................ 1

II.  INTRODUCTION ............................................................................................................ 1

III.  RELEVANT BACKGROUND ...................................................................................... 2

    A.  Factual Allegations ................................................................................................ 2

    B.  Procedural History ................................................................................................. 5

IV.  LEGAL STANDARD ..................................................................................................... 5

V.  THE COURT SHOULD DISMISS THE CAC IN FULL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) .................................................................. 6

    A.  Plaintiffs Fail to State a Claim Under Section 631(a). ..................................... 6

        1.  Google is not a "third party" to the communications at issue. ................... 6

        2.  Plaintiffs fail to allege conduct by a "person." ....................................... 10

        3.  There is no alleged "telegraph or telephone wire." .................................. 11

        4.  Plaintiffs do not plausibly allege that "contents" of their communications were intercepted "while . . . in transit." ........................ 12

    B.  Ambriz Fails to State a Claim Under Section 637.5. ...................................... 13

VI.  CONCLUSION ............................................................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

- i -

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
    790 F. Supp. 2d 1024 (N.D. Cal. 2011) ............................................................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 5

*Good Meat Project v. GOOD Meat, Inc.*,
    716 F. Supp. 3d 783 (N.D. Cal. 2024) ..................................................................... 5

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) .............................................................. 11, 12

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................................. 7, 8

*Heiting v. Taro Pharms. USA, Inc.*,
    709 F. Supp. 3d 1007 (C.D. Cal. 2023) ................................................................. 10

*Javier v. Assurance IQ, LLC*,
    649 F. Supp. 3d 891 (N.D. Cal. 2023) ..................................................................... 9

*Johnson v. Blue Nile, Inc.*,
    No. 20-cv-8183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) .......................... 8

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .......................................................................... 3, 5, 7

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014) ........................................................................... 5, 14

*Licea v. Am. Eagle Outfitters, Inc.*,
    659 F. Supp. 3d. 1072 (C.D. Cal. 2023) .......................................................... 11, 12

*Love v. Ladder Fin., Inc.*,
    No. 23-cv-04234-VC, 2024 WL 2104497 (N.D. Cal. May 8, 2024) ........................ 7

*Mandel v. Hafermann*,
    503 F. Supp. 3d 946 (N.D. Cal. 2020) ................................................................... 11

*Marden v. LMND Medical Group, Inc.*,
    No. 23-cv-03288-RFL, 2024 WL 4448684 (N.D. Cal. July 3, 2024) ....................... 8

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

- ii -

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021)............................................................... 11, 12

*Mireskandari v. Mail*,
    No. CV 12-29743 MMM, 2013 WL 12129559 (C.D. Cal. July 30, 2013)............................. 12

*Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*,
    931 F.3d 935 (9th Cir. 2019)............................................................................. 6

*In re Northpoint Comm'cns. Grp., Inc. Sec. Litig.*,
    221 F. Supp. 2d 1090 (N.D. Cal. 2002) ............................................................ 5

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014)........................................................................... 3

*People v. Wilson*,
    17 Cal. App. 3d 598 (1971).............................................................................. 12

*Ribas v. Clark*,
    38 Cal. 3d 355 (1985) ...................................................................................... 6

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975).............................................................................. 6

*Schley v. One Planet Ops Inc.*,
    445 F. Supp. 3d 454 (N.D. Cal. 2020) ............................................................ 14

*Smith v. YETI Coolers, LLC*,
    No. 24-cv-01703-RFL, --- F. Supp. 3d ----, 2024 WL 4539578 (N.D. Cal. Oct.
    21, 2024) ........................................................................................................... 8

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998).......................................................................... 6

*Turner v. Nuance Comm'cns, Inc.*,
    No. 22-cv-05827-DMR, --- F. Supp. 3d ----, 2024 WL 2750017 (N.D. Cal.
    May 28, 2024) ................................................................................................. 10

*Valenzuela v. Keurig Green Mountain, Inc.*,
    674 F. Supp. 3d 751 (N.D. Cal. 2023) ............................................................ 12

*Valenzuela v. Super Bright LEDs Inc.*,
    No. ED CV23-01148 JAK, 2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) ........... 10

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979)........................................................................... 6, 7

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

- iii -

**GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL**

**TABLE OF AUTHORITIES**
(continued)

<div align="right">

**Page(s)**
</div>

*Williams v. DDR Media, LLC*,
    No. 22-cv-03789-SI, 2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) ....................................... 8

*Williams v. What If Holdings, LLC*,
    No. 22-cv-03780-WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022)............................... 8

*Yockey v. Salesforce, Inc.*,
    688 F. Supp. 3d 962 (N.D. Cal. 2023) .................................................................................. 10

**Statutes**

Cal. Pen. Code
    § 631............................................................................................................................... 6, 7, 8
    § 631(a) ............................................................................................................................ *passim*
    § 632(b) .................................................................................................................................. 10
    § 637.5 ............................................................................................................................... *passim*
    § 637.5(a)(1)........................................................................................................................... 13
    § 637.5(h) ............................................................................................................................... 13
    § 637.5(l) ................................................................................................................................ 14

Cal. Pub. Util. Code § 216.4 ...................................................................................................... 13

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1, 2, 5, 6

**Other Authorities**

California Public Utilities Commission
    *Current California State-Issued Video Franchise Holders*,
    https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/communications-
    division/documents/video-franchising-and-broadband-analysis/video-
    franchising-main/current-california-state-issued-video-franchise-holders-
    20230417.xls ......................................................................................................................... 13

*Video Franchises Issued by the CPUC*, https://www.cpuc.ca.gov/regulatory-
    services/licensing/video-franchising/video-franchises-issued-by-the-cpuc........................... 13

*Decision Denying Google Fiber Inc.'s Petition to Modify Decision 07-03-014*,
    2015 WL 2396047, at *1 (§ 8.4) (Cal. Pub. Util. Comm'n May 7, 2015)............................. 13

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

- iv -

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2025 at 10:00 a.m., or as soon thereafter as this Motion may be heard, before the Honorable Rita F. Lin, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 18th Floor, Courtroom 15, San Francisco, California 94102, Defendant Google LLC ("Google") will and hereby does move the Court to dismiss Plaintiff's Consolidated Class Action Complaint (the "CAC").

Google requests that the Court dismiss the entire CAC because it fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the prior pleadings and orders in this action, any oral argument, and any other materials properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF ISSUES TO BE DECIDED**

The following issues are before this Court in this Motion: whether Plaintiffs have stated facts to support cognizable claims for violations of Sections 631(a) and 637.5 of the California Invasion of Privacy Act ("CIPA"). As explained below, Plaintiffs' claims should be dismissed because, among other things, they rest on the faulty premise that Google's Cloud Contact AI ("CCAI") technology—a software tool—qualifies as a third party to Plaintiffs' calls with customer service representatives.

**II.    INTRODUCTION**

The Court previously dismissed Plaintiff Ambriz's ("Ambriz") Section 631(a) claim, finding it was barred by CIPA's telephone company exemption and expressing "doubt[]" that Ambriz could amend to cure the complaint's deficiencies.  Ambriz has now abandoned his 631(a) claim, replacing it with an equally defective theory. The new Plaintiffs' 631(a) claims fare no better.  Their claims, like Ambriz's dismissed claim, rest on the faulty premise that Google, in providing its CCAI technology to Home Depot, Hulu, and GoDaddy, somehow "eavesdropped" on Plaintiffs' customer service calls with these entities.  Not so.  CCAI is a software tool that Google

1    provides to other companies so they can improve their customer service calls.  Providing a software

2    to other businesses does not make Google an unannounced third party to their calls.  And the law

3    is abundantly clear that parties to communications—like Verizon, Home Depot, Hulu, and

4    GoDaddy—can use software tools like CCAI to analyze their own conversations with others,

5    consistent with Section 631(a).

6         Notably absent from the CAC is any indication that Google uses the contents of

7    communications between its business-to-business customers and their customers for Google's own

8    benefit, as some courts require to state a Section 631(a) claim.  To the contrary, the CAC makes

9    clear that Google is prohibited from using these communications, even to finetune CCAI's AI

10   models for the benefit of Google's customers.  Nor is there any allegation that Google uses contents

11   of CCAI-assisted communications for its own benefit, such as by monetizing the data.

12        Plaintiffs also fail to plausibly allege other required elements of Section 631(a), including

13   that their communications were intercepted "while . . . in transit"; that their calls used a "telegraph

14   or telephone wire" (as opposed to an internet-based smartphone, like an iPhone or Android); or that

15   a "person"—as opposed to the CCAI technology—intercepted the contents of their

16   communications.  On each of these elements, Plaintiffs simply recite the statutory language, which

17   is insufficient to state a claim under Rule 12(b)(6).

18        The Court should likewise dismiss Ambriz's sole cause of action under Section 637.5,

19   which no other Plaintiff asserts.  This claim fails on its face, as Section 637.5 applies only to

20   "satellite or cable television" companies.  Neither Google nor Verizon—whose customer service

21   center Ambriz allegedly called—qualify as a regulated entity under the statute, as judicially

22   noticeable facts demonstrate.

23        Plaintiffs cannot cure these deficiencies through amendment, and the Court should dismiss

24   the CAC with prejudice.

### III.    RELEVANT BACKGROUND

#### A.    Factual Allegations

27        Google's CCAI software service is an AI-powered call center that "uses natural language

28   processing to identify call drivers and sentiment that helps contact center managers learn about

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

2

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

customer interactions to improve call outcomes." CAC ¶ 26, ECF No. 45.[1]  Businesses may contract with Google to use CCAI as a virtual agent and/or as support for their human agents.  *See id.* ¶¶ 27, 31–32.  If an individual calls the customer service number of a business using CCAI, she may first communicate with a "virtual agent."  *Id.* ¶ 27.  The customer may then be transferred to a human agent if necessary or requested by the customer.  *See id.* ¶ 28.  To streamline the customer's experience, the human agent may receive a transcript of the customer's communications with the virtual agent.  *See id.*  For businesses that use CCAI to "empower[] human agents with continuous support during their calls and chats by identifying intent and providing real-time, step-by-step assistance," *id.* ¶ 26, CCAI "transcribes calls in real time for agents to reference during the call or for analysis after the call," *id.* ¶ 31 (alterations omitted), "grabs the context of the conversation to suggest articles and real-time . . . guidance," *id.* ¶ 32, and suggests "smart replies" to the agent, *id.* ¶ 33.  In order to provide this assistance to the human agent, CCAI software—termed a "session manager"—"monitors the state of the conversation" between the customer and the agent.  *See id.* ¶ 30 & n.3 (citing How Does Google Cloud Contact Center AI Work?, https://www.youtube.com/watch? v=i8b4pEYIsIM).[2]

Plaintiffs are California residents who transacted in some way with Verizon (Plaintiff Ambriz); Hulu (Plaintiff Nimmo); GoDaddy (Plaintiffs Bissonnette, Mehdipour, Erlikh); or Home Depot (Plaintiffs Fox, Samish, Barulich).  *See* CAC ¶¶ 7–14.  Plaintiffs allege that they each made at least one call to the customer service center of a business using CCAI.  *See id.* ¶ 42 (Ambriz), ¶ 50 (Nimmo), ¶ 58 (Bissonnette), ¶ 66 (Mehdipour), ¶ 74 (Erlikh), ¶ 82 (Fox), ¶ 90 (Samish), ¶ 101 (Barulich).  On these calls, Plaintiffs allegedly first interacted with the business's CCAI "virtual agent," eventually asked to be transferred to an agent, and were subsequently transferred to a human

---

[1] Unless otherwise specified, ECF citations refer to the docket in this action, No. 23-cv-0537 (N.D. Cal.).

[2] The Court can consider the documents cited by Plaintiffs as the basis for their allegations—*see* CAC nn. 1–9—because the documents are incorporated by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference is appropriate where "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.") (citation omitted).

Cooley LLP
Attorneys at Law
San Francisco, CA

3

Google LLC's Motion to Dismiss Plaintiffs'
Consolidated Class Action Complaint
Case No. 3:23-cv-05437-RFL

customer service agent who was associated with the business they were calling and who received from CCAI a real-time transcript of the conversation, as well as suggested "smart replies" and news articles. *See id.* ¶¶ 44–46, ¶¶ 52–54, ¶¶ 60–62, ¶¶ 68–70, ¶¶ 76–78, ¶¶ 84–86, ¶¶ 92–94, ¶¶ 103–05. Plaintiffs allege that Google's provision of CCAI support features to customer service agents necessarily means that it is "collecting the contents of any conversation" supported by CCAI. *Id.* ¶ 36. Plaintiffs then assert that Google "has the capability to use the contents of the conversations it collects," *id.* ¶ 37, because Google's terms of service pertaining to "AI/ML Services" provide that Google "will *not* use Customer Data to train or fine-tune any AI/ML models without Customer's prior permission or instruction," *see* Service Specific Terms, https://cloud.google.com/terms/service-terms (incorporated by reference at CAC ¶ 37 n.8) (emphasis added).

Plaintiffs allege that they each believed the business they called had developed their own virtual customer service agent. *See, e.g.*, CAC ¶ 44 ("Plaintiff Ambriz was not aware, nor did he have any reason to suspect, that the virtual agent was being provided by a third party, Google, rather than Verizon."); *see also id.* ¶¶ 52, 60, 68, 76, 84, 92, 103. Plaintiffs also allege—without explanation—that they "reasonably expected" that their conversation with the human agent would not continue to involve support from the virtual agent. *See id.* ¶¶ 45, 53, 61, 69, 77, 85, 93, 104. Plaintiffs allege that neither the business with which they were speaking nor Google procured their "prior consent, express or otherwise," for Google to "eavesdrop" on or "wiretap" Plaintiffs' customer service calls. *Id.* ¶¶ 48, 56, 64, 72, 80, 88, 96, 107. Plaintiffs bring the CAC as a putative class action: for the Section 631(a) claim, they seek to represent classes of California residents who called Hulu, GoDaddy, or Home Depot customer service while in California and who had the contents of their conversations with Hulu, GoDaddy, or Home Depot read and learned by Google using CCAI (the "Hulu, GoDaddy, and Home Depot Classes"), and for the Section 637.5 claim, Ambriz seeks to represent a class of California residents who called Verizon from their residence, workplace, or place of business in California and had their conversations recorded, monitored, or listened to by Google using CCAI (the "Verizon Class"). *See* CAC ¶¶ 109–12.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

4

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

### B.    Procedural History

Plaintiff Ambriz filed this action against Google in this district on October 23, 2023, alleging that Google wiretapped Ambriz's customer service conversations with Verizon in violation of Section 631(a).  *See* ECF No. 1.  On June 20, 2024, the Court granted Google's motion to dismiss the complaint.  ECF No. 37.  On July 22, 2024, Plaintiff Ambriz and Plaintiffs Christopher Bissonnette, Ahmad Mehdipour, Eugene Erlikh, James Fox, and Peter Samish filed a First Amended Complaint alleging violations of Section 631(a) and Section 637.5.  ECF No. 39.  The FAC also added allegations related to Hulu, Home Depot, and GoDaddy's use of CCAI.

In the meantime, on February 14, 2024, Plaintiff Barulich initiated a lawsuit in the Central District of California against Google and Home Depot for violation of Section 631(a).  *See* ECF No. 31; *see also* Compl., *Barulich v. Home Depot*, No. 24-cv-01253 (C.D. Cal.), ECF No. 1.  Barulich voluntarily dismissed that action and on September 3, 2024, filed a Section 631(a) complaint against Google in this district.  *See* ECF No. 43; *see also Barulich v. Google, LLC*, No. 24-cv-06225 (N.D. Cal.), ECF No. 1.  On September 30, 2024, the Court granted the parties' joint administrative motion to relate and consolidate the *Ambriz* and *Barulich* cases.  *See* ECF No. 44.  Pursuant to the Court's order, Plaintiffs filed the CAC on October 7, 2024.  *See id.*; CAC.  Google now moves to dismiss the CAC.

## IV.    LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff fails to state a cognizable legal theory or allege sufficient facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive dismissal, "a complaint . . . may not simply recite the elements of a cause of action"; rather, it must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 796 (N.D. Cal. 2024) (quoting *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014)).  In evaluating the sufficiency of a complaint, courts do not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

5

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

(citation omitted), or "statements in a complaint contradicted by supporting documentation incorporated therein," *In re Northpoint Comm'cns Grp., Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1098 (N.D. Cal. 2002) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998)).[3]

## V.    THE COURT SHOULD DISMISS THE CAC IN FULL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### A.    Plaintiffs Fail to State a Claim Under Section 631(a).

Section 631(a) prohibits "[a]ny person" from using "any machine, instrument, or contrivance" in any of four categories of action, including, as relevant to this litigation: (1) intentionally tapping or making any unauthorized connection, "with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system" and (2) reading or attempting to "read or learn the contents or meaning of any message, report, or communication while the same is in transit." Cal. Pen. Code § 631(a); *see also* CAC ¶ 123. Plaintiffs allege that Google engaged in both categories of prohibited conduct through Hulu's, GoDaddy's, and Home Depot's use of Google's CCAI. *See* CAC ¶¶ 126–27. As explained below, the CAC fails to state a claim for multiple reasons.

### 1.    Google is not a "third party" to the communications at issue.

California law requires an ostensible Section 631(a) plaintiff to show that the defendant was not a party to the communication that the defendant allegedly wiretapped. *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (holding that Section 631 was intended to prevent "eavesdropping," and reasoning that "only a third party can listen secretly to a private conversation"); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[Section 631(a)] has been held to apply only to eavesdropping by a third party and not to recording by a participant to a

---

[3] As noted in the Joint Case Management Statement, ECF No. 25 at 5, and in Google's prior motion to dismiss, ECF No. 28 at 5 n.2, if the case is not dismissed, Google may move to compel this case to arbitration should discovery reveal the existence of an enforceable arbitration agreement between Plaintiffs and any of the businesses at issue (Home Depot, Verizon, Hulu, Go Daddy) as to which Google is a third-party beneficiary. Google therefore reserves, and does not waive, its right to compel arbitration at a later point. *See Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 940 (9th Cir. 2019) (stating waiver of right to compel arbitration requires "the intentional relinquishment or abandonment of a known right").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

6

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

conversation.") (citation omitted); *Ribas v. Clark*, 38 Cal. 3d 355, 360–61 (1985) (recognizing the "substantial distinction" between "secondhand repetition of the contents of a conversation," which may betray trust but does not violate Section 631, and the "simultaneous dissemination" of conversation "to an unannounced second auditor," which violates Section 631) (citing *Warden*, 99 Cal. App. 3d at 813–14).

Plaintiffs' repetition of the bald assertion that Google was a third party to their conversations—*see, e.g.*, CAC ¶ 44 ("provided by a third party, Google"); *id.* ¶¶ 52, 60, 68, 76, 84, 92, 103 (same); *id.* ¶ 45 ("provided by Google, a third party"); *id.* ¶¶ 53, 61, 69, 77, 85, 93, 104 (same)—does not convert conclusory allegations into properly pleaded facts that the Court may accept as true.  *See Khoja*, 899 F.3d at 1008.  Plaintiffs' two non-conclusory allegations about Google's third-party status state that a CCAI "session manager monitored" Plaintiffs' customer service communications, *see, e.g.*, CAC ¶ 54, and that Google is a third party because it is a "separate legal entity that offers software-as-a-service and not merely a passive device," *id.* ¶ 125 (citation and internal quotation marks omitted).  The first can be dismissed out of hand because, as the CAC explains, the so-called "session manager" is not a person or entity, but rather the name for the part of the CCAI artificial intelligence software that transcribes and makes suggestions to the human agent.  *See* How Does Google Cloud Contact Center AI Work?, https://www.youtube.com/watch? v=i8b4pEYIsIM at 2:45 (incorporated by reference at CAC ¶ 30 n.3); *see also* CAC ¶¶ 30, 33.  These allegations amount to a claim that CCAI "provides a tool" that allows Hulu, GoDaddy, and Home Depot to improve their real-time communications with customers, and Google cannot be an independent third-party "eavesdropper" under this theory.  *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 827, 832–33 (N.D. Cal. 2021).  The second is not a factual allegation, but a statement of Plaintiffs' legal argument, which fails for the reasons discussed below.

As multiple courts in this district have held, "a vendor that provides a software service that captures its clients' data, hosts it on [the vendor's] servers, and allows the clients to analyze their data" is an "extension" of the client, not an independent third party for purposes of Section 631(a). *Id.*; *see also Love v. Ladder Fin., Inc.*, No. 23-cv-04234-VC, 2024 WL 2104497, at *1 (N.D. Cal.

Cooley LLP
Attorneys at Law
San Francisco, CA

7

Google LLC's Motion to Dismiss Plaintiffs'
Consolidated Class Action Complaint
Case No. 3:23-cv-05437-RFL

May 8, 2024) (dismissing Section 631(a) where "plaintiffs have only alleged that FullStory provides a tool that allows Ladder to record, track, and analyze the interactions that users have with its own site"); *Williams v. DDR Media, LLC*, No. 22-cv-03789-SI, 2023 WL 5352896, at *4–5 (N.D. Cal. Aug. 18, 2023) (dismissing Section 631(a) claim after finding keystroke recording software "more akin to a tape recorder vendor than an eavesdropper"); *Williams v. What If Holdings, LLC* ("*What If Holdings*"), No. 22-cv-03780-WHA, 2022 WL 17869275, at *4 (N.D. Cal. Dec. 22, 2022) (explaining that the software "functioned as a recorder, and not as an eavesdropper"); *Johnson v. Blue Nile, Inc.*, No. 20-cv-8183-LB, 2021 WL 1312771, at *1 (N.D. Cal. Apr. 8, 2021) (dismissing Section 631(a) claim because the plaintiff "does not plausibly plead that FullStory eavesdropped on her communications with Blue Nile . . . only that FullStory is Blue Nile's vendor for software services").

Importantly, these "extension theory" cases hold that where there is no allegation "that [the vendor] intercepted and used the data itself" there can be no Section 631(a) claim. *Graham*, 533 F. Supp. 3d 823 at 832. This is the case here. Plaintiffs plainly fail to allege facts that "might suggest that the software vendor independently 'uses' the gathered data in some way[.]" *What If Holdings*, 2022 WL 17869275, at *3 (citations omitted). At best, Plaintiffs allege that Google "has the capability to use the wiretapped data it collects . . . to improve its AI/ML models." CAC ¶ 37. But the incorporated "Service Specific Terms" on which Plaintiffs base this allegation expressly state that "Google ***will not*** use Customer Data to train or fine-tune any AI/ML models without Customer's prior permission or instruction." *See* Service Specific Terms, https://cloud.google.com/terms/service-terms (incorporated by reference at CAC ¶ 37 n.8) (emphasis added). Plaintiffs therefore do not allege any facts suggesting that Google actually engages in some independent use of their data, as was integral to this Court's decision in *Marden v. LMND Medical Group, Inc.*, No. 23-cv-03288-RFL, 2024 WL 4448684, at *3–4 (N.D. Cal. July 3, 2024), which noted that allegations "that Google and Facebook benefited from this interception by using the information to sell ads to other third-party advertisers" would satisfy wiretapping claims including under Section 631. *See also Smith v. YETI Coolers, LLC*, No. 24-cv-01703-RFL, --- F. Supp. 3d ----, 2024 WL 4539578, at *3 (N.D. Cal. Oct. 21, 2024) (holding software developer

1   was a third-party eavesdropper because it intercepted communications "to monetize and market

2   [their] services . . . , which is a distinct commercial purpose").  The extension theory cases apply

3   the correct standard, and the CAC clearly fails under this formulation of the "third party" exception.

4   CCAI is merely a tool used by third parties and there are no allegations that Google is able to use

5   the data itself.

6          Google's inability to use the data for its own purposes distinguishes the allegations here

7   from those in *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023) ("*Javier*

8   *II*"), which found that a software vendor's "capability" to use the allegedly intercepted data for its

9   own ends could violate CIPA.  *See* CAC ¶ 125 (citing *Javier II*).[4]  Plaintiffs' allegation that Google

10  had the "capability" to use CCAI data to train machine learning models is at odds with the language

11  in Google's Service Specific terms: "Google **will not** use Customer Data to train or fine-tune any

12  AI/ML models without Customer's prior permission or instruction."  *See* Service Specific Terms,

13  https://cloud.google.com/terms/service-terms  (incorporated  by  reference  at  CAC  ¶  37  n.8)

14  (emphasis added).  As demonstrated by the CAC's incorporated document, Google is ***contractually***

15  ***barred*** from using CCAI data to train AI/ML models, and therefore Google is not capable of using

16  the data for its own purposes.

17         To the extent Plaintiffs attempt to plead around this foregone conclusion by suggesting that

18  the Service Specific Terms imply that Google has the *technological* capability to use Customer

19  Data, even if it does not have the *legal* capability, the allegation is insufficient for the purposes of

20  Section 631(a)'s third party requirement.  As a threshold matter, *Javier II*—the case that announced

21  the "capability" theory—involved a software vendor that was *not* contractually barred from using

22  the data for its own purposes.  *Javier II*, 649 F. Supp. 3d at 900 (relying on the complaint's

23  allegation  "that  Active  Prospect  monitors,  analyzes,  and  stores  information  about  visits  to

24  Assurance's websites, and that Active Prospect can use that information for other purposes").  Here,

25  the opposite is true.

26         And even those courts that have adopted the "capability" theory have required some well-

27

28  _____

[4]  Google's argument that the CAC fails to allege that Google is a third party even under the
    "capability" framework does not alter its position that the extension theory is the correct standard.

Cooley LLP
Attorneys at Law
San Francisco, CA

9

Google LLC's Motion to Dismiss Plaintiffs'
Consolidated Class Action Complaint
Case No. 3:23-cv-05437-RFL

pleaded, non-conclusory allegation of some *conduct* by the defendant—absent here—to support an inference that the defendant did more than simply collect information from end users and provide it to the software customer. *See, e.g.*, *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1017 (C.D. Cal. 2023) (dismissing CIPA claim where complaint alleged only that defendant "intercepted" and "stored" information and "shared" with software customer); *see also Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (dismissing CIPA claim where allegations did "not support a reasonable inference that Salesforce has the capability to use these communications for any purpose other than furnishing them to" its direct customer); *Valenzuela v. Super Bright LEDs Inc.*, No. ED CV23-01148 JAK (SPx), 2023 WL 8424472, at *8 (C.D. Cal. Nov. 27, 2023) (finding "conclusory and insufficient" plaintiff's allegations of defendant's "capability to use its record of Website users' interaction with . . . chat feature for purposes other than storage including data analytics and marketing/advertising to consumers"); *cf. Turner v. Nuance Comm'cns, Inc.*, No. 22-cv-05827-DMR, --- F. Supp. 3d ----, 2024 WL 2750017, at *10 (N.D. Cal. May 28, 2024) (finding sufficient allegations that software vendor "turns recordings of consumers' voices into 'voice print[s],' enrolls those voice prints into a database of voice prints, and then compares the voice characteristics of later callers against its saved voice prints," but nonetheless directing plaintiff to "more directly allege that Nuance uses its Chase voice print database for other clients").

No matter what theory the Court applies, Google is not a "third party" to customer service conversations between businesses using CCAI and their customers.  Plaintiffs do not allege any facts permitting a reasonable inference to the contrary.  The Court should dismiss the Section 631(a) claim on this ground alone.

### 2.    Plaintiffs fail to allege conduct by a "person."

The Court should dismiss Plaintiffs' Section 631(a) claims for the additional reason that there is no alleged conduct by a "person."  The CAC continuously conflates Google with its artificial intelligence software product, CCAI, in an effort to stave off dismissal.  A Section 631(a) claim requires that a "person" do the wiretapping or eavesdropping.  *See* Cal. Pen. Code § 631(a) (limiting violations to those committed by "any person").  Section 632(b) defines a "person" as "an

Cooley LLP
Attorneys at Law
San Francisco, CA

individual, business, association, partnership, corporation, limited liability company, or other legal entity." Although Google is a "person" under this definition, CCAI is not. And the challenged conduct is allegedly performed by CCAI, an *artificial intelligence software* that Google contracts to various businesses to support their customer service needs. *See* CAC ¶ 26. Thus, the CAC alleges at best that the service CCAI engages in challenged conduct, but not that Google—either the entity or any individual employee or representative—is involved. Because Plaintiffs have failed to allege the involvement of any "person," the Court should dismiss the CAC in its entirety.

### 3. There is no alleged "telegraph or telephone wire."

Plaintiffs also fail to state a claim under Section 631(a)'s first prong (intentionally tapping or making any unauthorized connection, "with any telegraph or telephone wire, line, cable, or instrument") because they do not allege that Google wiretapped or made an unauthorized connection to "any telegraph or telephone wire, line, cable, or instrument." Cal. Pen. Code § 631(a). The use of a smartphone to call a business's customer service line would not give rise to a Section 631(a) claim because smartphones are "in reality[] small computers" that do not satisfy the "telegraph or telephone wire" requirement. *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d. 1072, 1080 (C.D. Cal. 2023) (quoting *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021)); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 826 (N.D. Cal. 2020) (holding Section 631(a) claim must be dismissed if allegations do not show that plaintiff called "using telegraph or telephone wires"). Here, Plaintiffs carefully avoid pleading how they contacted Hulu's, GoDaddy's, or Home Depot's customer service departments—*i.e.*, whether by computer, smartphone, or landline. *See generally* CAC ¶¶ 50–108. Google raised this issue in its previous motion to dismiss—*see* ECF No. 28 at 15–16—and Plaintiffs' continued failure to clarify their pleading, even after amendment, means that they have failed to allege a key element of their claim. The Section 631(a) claim based on the first category of conduct—tapping a telegraph or telephone wire—must be dismissed. *See, e.g.*, *Mandel v. Hafermann*, 503 F. Supp. 3d 946, 969 (N.D. Cal. 2020) ("[T]he Court cannot read into the [C]AC what Mr. Mandel failed to plead.").

Cooley LLP
Attorneys at Law
San Francisco, CA

11

Google LLC's Motion to Dismiss Plaintiffs'
Consolidated Class Action Complaint
Case No. 3:23-cv-05437-RFL

<div align="right">
1<br>
2<br>
3<br>
4<br>
5<br>
6<br>
7<br>
8<br>
9<br>
10<br>
11<br>
12<br>
13<br>
14<br>
15<br>
16<br>
17<br>
18<br>
19<br>
20<br>
21<br>
22<br>
23<br>
24<br>
25<br>
26<br>
27<br>
28
</div>

**4.    Plaintiffs do not plausibly allege that "contents" of their communications were intercepted "while . . . in transit."**

Plaintiffs' Section 631(a) claim based on the second category of conduct—"reads, or attempts to read, a communication that is in transit or passing over any wire, line or cable, or is being sent from, or received at any place within" California—fails because Plaintiffs do not plausibly allege that Google intercepted a communication "in transit." *See Mastel*, 549 F. Supp. 3d at 1136 (quoting *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 826). Again, Plaintiffs appear to conflate Google and CCAI, but their allegations provide no basis for the Court to do so. The CAC reflects that ***CCAI*** provides in real-time support for human customer service agents of businesses like Hulu, GoDaddy, and Home Depot. *See, e.g.*, CAC ¶¶ 26, 54. Plaintiffs then assert that Google, through CCAI's process of providing support, "read and learned, in real time, the contents" of their conversations. *See, e.g., id.* ¶ 55. But there is no reasonable inference that Google itself "reads" or "learns" information while in transit, simply because its AI product allegedly provides information to customer service agents in real-time. Plaintiffs provide no basis for this bare conclusion, which the Court need not accept as true.

Because Plaintiffs have not plausibly alleged that Google, as opposed to CCAI, read any communication "in transit," their Section 631(a) claim on the second theory must be dismissed. *See, e.g. Licea*, 659 F. Supp. 3d at 1085 ("Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit."); *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 754, 758 (N.D. Cal. 2023) (holding it was "impossible to infer from the complaint" that communications were intercepted "while . . . in transit" where plaintiff alleged that third-party "code" was embedded in defendant's website for a chat feature); *Mastel*, 549 F. Supp. 3d at 1137 (noting "crucial question" was "whether [the plaintiff] has plausibly alleged that [the defendant] read one of his communications while it was still in transit, i.e., before it reached its intended recipient"); *Mireskandari v. Mail*, No. CV 12-29743 MMM (FFMx), 2013 WL 12129559, at *10 n.44 (C.D. Cal. July 30, 2013) (finding plaintiff failed to "plausibly [] plead that NSC intercepted any electronic communication while it was in transit; at most, he alleges the illegal disclosure of data NSC held in storage"); *People v. Wilson*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

12

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

1   17 Cal. App. 3d 598, 603 (1971) (concluding no CIPA violation because information "was obtained

2   after and not 'while' [communications] were in transit or passing 'over' the telephone wire").

3       **B.    Ambriz Fails to State a Claim Under Section 637.5.**

4       Ambriz's new claim under Section 637.5—added after the Court dismissed his Section

5   631(a) claim, *see* ECF No. 37—finds no support in the law.

6        Section 637.5 prohibits any "person who owns, controls, operates, or manages"—or who

7   "receiv[es] subscriber information from"—a "satellite or cable television corporation" from using

8   "any electronic device to record, transmit, or observe any events or listen to, record, or monitor any

9   conversations that take place inside a subscriber's residence, workplace, or place of business,

10  without obtaining the express written consent of the subscriber."  Cal. Pen. Code §§ 637.5(a)(1),

11  (h).  Ambriz alleges that Google is liable under Section 637.5 because Verizon is a "cable television

12  corporation," CCAI is an "electronic device" within the meaning of the statute, and Google,

13  "through []CCAI," received subscriber information from Verizon.  *See* CAC ¶¶ 120–30.  None of

14  these allegations find factual support in the CAC, and the claim must be dismissed.

15      As an initial matter, Verizon is not a "satellite or cable television corporation" in California,

16  as evidenced by its exclusion from the California Public Utilities Commission's list of cable and

17  satellite television corporations currently operating within the state.  *See Video Franchises Issues*

18  *by the CPUC*, CALIFORNIA PUBLIC UTILITIES COMMISSION, https://www.cpuc.ca.gov/regulatory-

19  services/licensing/video-franchising/video-franchises-issued-by-the-cpuc (allowing navigation to

20  franchises issued by year and to "Current California State-Issued Video Franchise Holders") (last

21  visited Nov. 12, 2024); *see also Current California State-Issued Video Franchise Holders*

22  ("Current Franchise Holders"), CALIFORNIA PUBLIC UTILITIES COMMISSION,

23  https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/communications-

24  division/documents/video-franchising-and-broadband-analysis/video-franchising-main/current-

25  california-state-issued-video-franchise-holders-20230417.xls (last visited Nov. 12, 2024).[5]

26

27  [5] Google hereby requests judicial notice of this information.  Publicly available information on
    government websites is properly subject to judicial notice.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ.*
28  *Ass'n*, 629 F.3d 992, 998–99 (2010) ("It is appropriate to take judicial notice of [a list of approved
    vendors], as it was made publicly available by government entities (the school districts), and neither

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

13

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

Verizon has not operated this business since at least 2007.  *See* Current Franchise Holders, at Franchise # 0001 (listing "Frontier California ([formerly known as] Verizon California)" with franchise grant date of March 8, 2007); *see also Decision Denying Google Fiber Inc.'s Petition to Modify Decision 07-03-014*, Section 8.4, 2015 WL 2396047, at *1 (Cal. Pub. Utilities Commission May 7, 2015) ("It is well established that the definition of "cable television corporation" in [Cal. Pub. Util. Code] § 216.4 is limited to entities that have authority to construct and operate cable TV facilities in public rights-of-way pursuant to a franchise granted by a governmental body of competent jurisdiction.").  This judicially noticeable fact is fatal to Ambriz's Section 637.5 claim— whether brought individually or on behalf of the putative Verizon class consisting solely of California residents—as the claim requires Google to have received California residents' subscriber information ***from*** a satellite or cable television corporation.  This pleading failure also underscores the complete disconnect between Section 637.5—which is expressly "intended to set forth minimum state standards for protecting the privacy of *subscribers to cable television services*," Cal. Pen. Code § 637.5(l) (emphasis added)—and Ambriz's allegations, which have nothing to do with cable subscriptions or television.

The Section 637.5 claim should be dismissed for the independent reason that the CAC simply regurgitates the elements of a Section 637.5 claim.  *Compare* CAC ¶¶ 133–34 (quoting Section 637.5's provisions on "receiving subscriber information from a satellite or cable television corporation" by using an electronic device to "listen to, record, or monitor any conversations that take place inside a subscriber's residence, workplace, or place of business"), *with id.* ¶ 138 ("[Google] received . . . subscriber information[] by using [CCAI] to listen to, record, or monitor conversations that took place inside a subscriber's residence, workplace, or place of business when subscribers would call Verizon's Contact Centers").  Ambriz does not allege any further "facts" in support of his claim.  Because such conclusory allegations are insufficient, the Section 637.5 claim must be dismissed.  *See, e.g.*, *Schley v. One Planet Ops Inc.*, 445 F. Supp. 3d 454, 458 (N.D. Cal.

party disputes the authenticity of the web sites or the accuracy of the information displayed therein."); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability.") (citations omitted).

ATTORNEYS AT LAW
SAN FRANCISCO, CA

14

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL

2020) ("[A]llegations in a complaint . . . may not simply recite the elements of a cause of action.") (quoting *Levitt*, 765 F.3d at 1135); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1032 (N.D. Cal. 2011) (finding complaint insufficiently pleaded where allegations were "little more than a conclusory restatement of the elements" of the claim).

## VI.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss Plaintiffs' CAC in its entirety without leave to amend.

Dated: November 12, 2024                          COOLEY LLP


                                                  By: /s/ *Kristine A. Forderer*
                                                        Kristine A. Forderer

                                                  Attorney for Defendant
                                                  GOOGLE LLC

308638168

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

15

GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO. 3:23-CV-05437-RFL