1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ndeckant@bursor.com

**THE SIMON LAW FIRM, P.C.**
Anthony G. Simon (*Pro Hac Vice*)
Jeremiah W. Nixon (*Pro Hac Vice*)
1001 Highlands Plaza Dr., Ste. 300
St. Louis, Missouri 63110
Telephone: (314) 241-2929
Facsimile:  (314) 241-2029
E-mail: asimon@simonlawpc.com
        jnixon@simonlawpc.com

*Attorneys for Plaintiffs*

**COOLEY LLP**
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
ANUPAM DHILLON (324746)
(adhillon@cooley.com)
THILINI L. CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

TIANA DEMAS (pro hac vice)
(tdemas@cooley.com)
110 N. Wacker Drive, 42nd Floor
Chicago, IL 60606
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MISAEL AMBRIZ, JIMMY NIMMO, CHRISTOPHER BISSONNETTE, AHMAD MEHDIPOUR, EUGENE ERLIKH, JAMES FOX, PETER SAMISH, and CHRISTOPHER BARULICH, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 3:23-cv-05437-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  March 5, 2025<br>Time:  10:00 a.m.<br>Courtroom:  15 (via videoconference)<br>Judge:  Hon. Rita F. Lin |

1    Plaintiffs and Defendant Google LLC ("Google"), the parties to the above-titled action

2    (collectively, the "Parties"), hereby submit this Joint Case Management Statement pursuant to the

3    Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9.  The

4    Parties completed their Rule 26(f) conference on February 11, 2025 in advance of submitting this

5    Statement.

6    **1.    JURISDICTION AND SERVICE**

7    Plaintiffs assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)

8    because at least one member of the proposed class is a citizen of a different state than Google, there

9    are more than 100 members of the class, and the aggregate amount in controversy exceeds

10   $5,000,000.00.  Google does not contest jurisdiction for purposes of this litigation.

11   Plaintiffs assert that personal jurisdiction exists because Google is headquartered in

12   California.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Google resides in

13   this District.  Google does not contest venue for purposes of this litigation.

14   Service of the Complaint is complete.  Plaintiffs served Google with a copy of Plaintiffs'

15   Complaint on November 7, 2023.

16   **2.    FACTS**

17   ***Plaintiffs' Position***

18   This case involves the recording of Plaintiffs' and Class Members communications to Hulu,

19   GoDaddy, Home Depot, and Verizon by a separate and distinct third-party eavesdropper: Defendant.

20   Using its GCCCAI software-as-a-service, Defendant not only records these communications, it has

21   the capability to use these communications for various purposes beyond just regurgitating the

22   contents of the recording, including but not limited to "improv[ing] its AI/ML models (*i.e.*, to

23   improve the AI-based products and services Google provides)."  FAC ¶ 36.  These conversations are

24   not anonymous either, as Google is recording customer service calls (FAC ¶ 26) and "[c]ustomer

25   services calls generally require an individual to share some form of information to identify their

26   account, such as name, phone number, or account number."  ECF No. 56 at 10.  All of this occurs

27   without the knowledge or consent of Plaintiffs and Class Members, who believe their conversations

28   are solely with Hulu, GoDaddy, Home Depot, or Verizon's customer service representatives.  *See*,

1   *e.g.*, FAC ¶¶ 115-116, 127.  "[S]uch secret monitoring denies the speaker an important aspect of

2   privacy of communication—the right to control the nature and extent of the firsthand dissemination

3   of his statements."  *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985).

4   Plaintiffs' claims have now survived a motion to dismiss (ECF No, 56), and Plaintiffs expect

5   the evidence in this case will bear out their allegations. Further, Plaintiffs expect that the

6   requirements for class certification will be satisfied pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3),

7   as they have been in other cases concerning violations of the CIPA.  *See Torres v. Prudential*

8   *Financial, Inc.*, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024).

9   As a last point, there is no *per se* prohibition on companies like Hulu, GoDaddy, Home Depot,

10  or Verizon employing Defendant's services.  They (or Defendant) simply must get prior consent to

11  do so under California law.  The fact that procuring such consent is easy to do, and the lack of

12  evidence here that Plaintiffs or any Class Member consented to Defendant's wiretapping, speaks to

13  a lackadaisical approach to privacy that should not be tolerated (and indeed, violates the law).

14  ***Google's Position***

15  Google developed Contact Center AI ("CCAI"), a platform for businesses to provide, among

16  other services, telephonic and asynchronous chat assistance to their customers. Businesses can

17  choose which features of CCAI to deploy, but generally CCAI offers a "virtual agent" as a first point

18  of contact, followed by re-direction to the business's own live customer service agents if necessary

19  to meet the customer's needs.  Virtual agents can be powered by generative AI or other algorithmic

20  systems, and are intended to address customer concerns without the need for live customer service

21  agents.  However, businesses may choose to allow the customer to request to speak with a live agent

22  through CCAI, and may choose to deploy CCAI to support the human customer agent with real-time

23  suggestions (including support articles) and a transcript of the prior conversation with the virtual

24  agent.  This is called CCAI "agent assist." Google's terms expressly state that Google does not use

25  CCAI customer data for training its AI or machine learning algorithms unless specifically permitted

26  by the (business) customer.

27  Plaintiffs allege that they called Hulu, GoDaddy, Home Depot, and Verizon in 2023 and

28  2024.  Plaintiffs do not claim that they were customers of these companies at the time they made

1  their calls, nor do Plaintiffs describe the contents of their communications with the companies.  No

2  Plaintiff alleges that Google's customers failed to notify them that their customer service call was

3  being recorded.  Nor do Plaintiffs otherwise allege how they came to understand that any of the

4  companies they called used CCAI or the "agent assist" features of CCAI.

5          Based on these allegations Plaintiffs bring claims of eavesdropping under the California

6  Invasion of Privacy Act ("CIPA"): Plaintiff Ambriz asserts a claim under Section 637.5 related to

7  Verizon only, the remaining Plaintiffs bring their claim under Section 631(a).  Plaintiffs represent

8  putative classes comprised of all residents of California who called Hulu, GoDaddy, Home Depot,

9  and Verizon customer contact centers utilizing CCAI.  (CAC ¶¶ 109–112.)  Plaintiffs seek $5,000

10  for each violation by Google in addition to other fees and costs.  Google denies that its actions violate

11  CIPA and it denies that Plaintiffs are entitled to any relief.

12  **3.      LEGAL ISSUES**

13          All Plaintiffs except for Plaintiff Ambriz bring claims against Google for violations of

14  Section 631(a) of the California Invasion of Privacy Act ("CIPA").  Plaintiff Ambriz brings a claim

15  against Google for violations of CIPA § 637.5.

16          ***Plaintiffs' Section.***  Plaintiffs believe that the relevant legal issues that are likely to arise

17  include, but are not limited to:

18      • Whether Defendant is a "third party" for the purposes of the CIPA;

19  
20      • Whether Defendant read, attempted to read, or learn the contents of Plaintiffs' and Class Members' communications with Hulu, GoDaddy, and Home Depot "in transit";

21  
22      • Whether Defendant used or had the capability to use the contents of Plaintiffs' and Class Members' communications with Hulu, GoDaddy, and Home Depot;

23      • Whether Defendant recorded Plaintiff Ambriz's and Verizon Class Members' calls with Verizon without consent in violation of CIPA § 637.5(a);

24  
25      • Whether Plaintiffs or any particular Class Member consented to Defendant's alleged recording of the communications;

26      • Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); and

27  
28

1

2

- Whether Plaintiffs and Class Members are entitled to damages pursuant to Cal. Pen. Code § 637.2, and the amount of said damages.

3

4

*Google's Section*.    Google believes that the relevant legal issues that are likely to arise include, but are not limited to:

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- Whether Google and/or CCAI is a "third party" for the purposes of the CIPA;

- Whether Plaintiffs disclosed "contents" of communications during their respective calls for purposes of CIPA;

- Whether Google and/or CCAI read, attempted to read, or learn the contents of Plaintiffs' and Class Members' communications with Hulu, GoDaddy, and Home Depot "in transit";

- Whether Google and/or CCAI used or had the capability to use the contents of Plaintiffs' and Class Members' communications with Hulu, GoDaddy, and Home Depot;

- Whether Verizon Communications Inc. is a "satellite or cable television corporation" under California law;

- Whether Plaintiff Ambriz placed calls to Verizon "inside [his] residence, workplace, or place of business";

- Whether Plaintiff Ambriz revealed "subscriber information" or "personally identifying information" on his call to Verizon;

- Whether Google and/or CCAI recorded Plaintiff Ambriz's and Verizon Class Members' calls with Verizon without consent in violation of CIPA § 637.5(a);

- Whether Plaintiffs or any particular Class Member explicitly or impliedly consented to Google's and/or CCAI's alleged recording of the communications;

- Whether Plaintiffs or Class Members had a reasonable expectation of privacy when making calls to Hulu, GoDaddy, Home Depot, and Verizon;

- Whether the requirements of Article III are satisfied;

- Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), including whether Plaintiffs' claims are representative of the entire putative class; and

- Whether Plaintiffs and Class Members are entitled to damages pursuant to Cal. Pen. Code §§ 631(a) and 637.2, and the amount of said damages.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.    MOTIONS**

On June 20, 2024, the Court granted Google's Motion to Dismiss the Complaint without prejudice (ECF No. 37).  On February 10, 2025, the Court denied Google's Motion to Dismiss the First Amended Complaint (ECF No. 56).

Plaintiffs anticipate filing a motion for class certification (which Google will oppose).  The Parties reserve the right to file a motion for summary judgment, *Daubert* motions, and other pre-trial motions at the appropriate time.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs do not currently anticipate any Amendment to add new claims or Parties.  The Parties reserve their rights to seek future leave to amend under Rule 15(a)(2) on any available basis.

**6.    EVIDENCE PRESERVATION**

The Parties certify that they have all reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The Parties further confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Further, all Parties' counsel have taken steps to advise their clients about the need to preserve relevant evidence.

**7.    DISCLOSURES**

The Parties will serve their Fed R. Civ P. 26(a)(1) initial disclosures by **March 3, 2025**.

**8.    DISCOVERY PLAN**

Plaintiffs anticipate serving their First Set of Discovery Requests on or before **March 5, 2025**. The Parties believe the entry of a Protective Order and ESI Protocol is necessary and agree to submit proposed orders to the Court in due course.

*Plaintiffs' Position*

Plaintiffs intend to seek discovery regarding, among other things: (1) the capabilities of Defendant's GCCCAI service, which may entail a review of the source code of the same; (2) Defendant's use or ability to use the communications it records; (3) Defendant's contracts or other agreements with Hulu, GoDaddy, Home Depot, and Verizon for the provision of its services; (4) any documents and or recordings of Plaintiffs' calls with Hulu, GoDaddy, Home Depot, or

1   Verizon; (5) the number of callers to Hulu, GoDaddy, Home Depot, and Verizon from California
2   that Defendant recorded; (6) documents and communications referring to any insurance policy
3   Defendant may rely on or have in this matter; and (7) documents and communications pertaining to
4   any affirmative defenses Defendant may raise.  Plaintiffs may also subpoena third parties (in
5   particular, Hulu, GoDaddy, Home Depot, and Verizon) for the foregoing information.  Plaintiffs note
6   that this list is preliminary in nature.  The scope of discovery Plaintiffs intend to seek may change
7   following the Case Management Conference.

8   ### *Google's Position*

9   Google intends to seek discovery of, among other things: (1) Plaintiffs' phone records
10  showing when they made calls to Hulu, GoDaddy, Home Depot, and Verizon, the duration of those
11  calls, and the devices used by Plaintiffs in making those calls; (2) all information relating to what
12  transpired on those calls including the information each Plaintiff disclosed on their respective calls;
13  (3) recordings of each of Plaintiffs' calls, if available; (4) the pre-recorded message, if any, played
14  at the beginning of each of Plaintiffs' calls regarding the use of recording and monitoring services
15  and any other disclosures made; (5) the reasonable expectation of privacy Plaintiffs had when calling
16  Hulu, GoDaddy, Home Depot, and Verizon; (6) whether Plaintiffs explicitly or impliedly consented
17  to the conduct at issue; (7) information regarding the accounts or subscription each Plaintiff had with
18  Hulu, GoDaddy, Home Depot, and Verizon, including any contracts or agreements between
19  Plaintiffs and those companies; (8) whether Plaintiffs are adequate class representatives; and (9)
20  whether Plaintiffs' claims are typical of the class.

21  Google does not believe any source code review is necessary or appropriate in this matter.

22  **9.     CLASS ACTIONS**

23  ### *Plaintiffs' Position*

24  Plaintiffs intend to move for class certification consistent with the proposed schedule
25  included in Section 15 below.  Plaintiffs' counsel has reviewed the Procedural Guidelines for Class
26  Action Settlements.

27

28

JOINT CASE MANAGEMENT STATEMENT                                                                    6
CASE NO. 3:23-cv-05437-RFL

*Google's Position*

Google does not believe that this case is suitable for class-wide treatment and intends to oppose any motion for class certification filed by Plaintiffs.

**10.     RELATED CASES**

*Barulich v. Google, LLC*, Case No. 3:24-cv-6225 (N.D. Cal.) was deemed related to this matter and reassigned to this Court on October 1, 2024.  The *Barulich* matter was consolidated with this matter per the filing of the First Amended Complaint on October 7, 2024 (ECF No. 45).

**11.     RELIEF**

*Plaintiffs' Position*

Plaintiffs seek all available damages (including but not limited to statutory damages and punitive damages), pre/post-judgment interest, attorneys' fees, and costs and expenses.

*Google's Position*

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate.  Google denies that Plaintiffs are entitled to any relief whatsoever in connection with the cause of actions pled in the Consolidated Amended Complaint, or that the class alleged in the Consolidated Amended Complaint can be certified.

**12.     SETTLEMENT AND ADR**

The Parties have reviewed the ADR procedures in ADR L.R. 3-5 and previously submitted their ADR Certifications.  ECF Nos. 26-27.

The Parties are discussing whether there is an early potential for settlement.  Should the Parties agree to proceed with settlement negotiations, they would elect to work with a private mediator.

**13.     OTHER REFERENCES**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time.  The Parties have not consented to the jurisdiction of a magistrate judge.

**14.     NARROWING OF ISSUES**

The Parties are not aware of any issues that may be narrowed at this time

**15.    SCHEDULING**

| Event | Date |
|---|---|
| Initial Case Management Conference | March 5, 2025 at 10:00 a.m. |
| Deadline to Exchange Initial Disclosures | March 3, 2025 |
| Deadline to Answer | March 17, 2025 |
| Deadline to Move to Amend Pleadings | June 5, 2025 |
| Deadline to Participate in an ADR Process | **Plaintiffs' Proposal:** October 15, 2025<br><br>**Google's Proposal:** July 17, 2026 |
| Disclosure of Plaintiffs' expert(s) and subject matter | December 17, 2025 |
| Disclosure of Google's expert(s) and subject matter | January 27, 2026 |
| Deadline to File Plaintiffs' Motion for Class Certification, including any expert reports upon which Plaintiffs relies on in their motion | January 28, 2026 |
| Deadline to File Defendant's Opposition to Class Certification, including any counter expert reports upon which Defendant relies on in its opposition | April 22, 2026 |
| Deadline to file Plaintiffs' Reply in Support of Class Certification, including any rebuttal expert reports upon which Plaintiffs rely in their reply. | May 21, 2026 |

| Event | Date |
|---|---|
| Last Day to Notice Depositions | May 5, 2026 |
| Close of Fact Discovery | June 5, 2026[1] |
| Close of Expert Discovery | June 5, 2026 |
| Hearing on Class Certification Motion | June 12, 2026 at 10:00 a.m., or on another date and time that is convenient for the Court |
| Deadline to file Motion for Summary Judgment | 63 Days After the Court's Ruling on Class Certification |
| Pretrial Conference | TBD, at the Court's convenience. |
| Trial | 28 Days After Pretrial Conference, or As Directed By Court |

## 16.    TRIAL

Plaintiffs demand a jury trial of any claims triable by a jury and expect trial to last approximately 5-10 court days.  Google is unable to estimate the length of any trial at this early stage of the litigation, which will depend on the issues remaining, if any, after the Court's order on the Parties' anticipated motions.

## 17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties are not aware of any non-party interested entities or person, other than putative Class Members.

## 18.    PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

---

[1] Given the Parties' intent to substantially complete discovery in connection with class certification, the Parties have proposed a shorter discovery window than contemplated by the Court's standing order.

**19.    OTHER**

The Parties are not presently aware of any other matters that may facilitate the just, speedy,

and inexpensive disposition of this matter.


Dated: February 26, 2025                              Respectfully submitted,

By: */s/ Neal J. Deckant*                             By: */s/ Kristine A. Forderer*
   Neal J. Deckant

**BURSOR & FISHER, P.A.**                             **COOLEY LLP**
Neal J. Deckant (State Bar No. 322946)                TRAVIS LEBLANC (251097)
1990 North California Blvd., 9th Floor                (tleblanc@cooley.com)
Walnut Creek, CA 94596                                KRISTINE A. FORDERER (278745)
Telephone: (925) 300-4455                             (kforderer@cooley.com)
Facsimile:  (925) 407-2700                            ANUPAM DHILLON (324746)
E-Mail: ndeckant@bursor.com                           (adhillon@cooley.com)
                                                      THILINI L. CHANDRASEKERA (333672)
**THE SIMON LAW FIRM, P.C.**                          (tchandrasekera@cooley.com)
Anthony G. Simon (*Pro Hac Vice*)                     3 Embarcadero Center, 20th Floor
Jeremiah W. Nixon (*Pro Hac Vice*)                    San Francisco, CA 94111
1001 Highlands Plaza Dr., Ste. 300                    Telephone: +1 415 693 2000
St. Louis, Missouri 63110                             Facsimile: +1 415 693 2222
Telephone: (314) 241-2929
Facsimile:  (314) 241-2029                            TIANA DEMAS (pro hac vice)
E-mail: asimon@simonlawpc.com                         (tdemas@cooley.com)
  jnixon@simonlawpc.com                      110 N. Wacker Drive, 42nd Floor
                                                      Chicago, IL 60606
*Attorneys for Plaintiffs*                            Telephone: +1 312 881 6500
                                                      Facsimile: +1 312 881 6598

                                                      *Attorneys for Defendant*

<u>**SIGNATURE ATTESTATION**</u>

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that all signatories have

concurred in its filing.

By: */s/ Neal J. Deckant*
   Neal J. Deckant