| | |
|---|---|
| COOLEY LLP<br>TRAVIS LEBLANC (251097)<br>(tleblanc@cooley.com)<br>KRISTINE A. FORDERER (278745)<br>(kforderer@cooley.com)<br>ANUPAM DHILLON (324746)<br>(adhillon@cooley.com)<br>THILINI L. CHANDRASEKERA (333672)<br>(tchandrasekera@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA  94111<br>Telephone:    +1 415 693 2000<br>Facsimile:    +1 415 693 2222<br><br>TIANA DEMAS (*pro hac vice*)<br>(tdemas@cooley.com)<br>110 N. Wacker Drive, 42nd Floor<br>Chicago, IL  60606<br>Telephone:    +1 312 881 6500<br>Facsimile:    +1 312 881 6598<br><br>Attorneys for Defendant<br>GOOGLE LLC | BURSOR & FISHER, P.A.<br>Neal J. Deckant (322946)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>Email: ndeckant@bursor.com<br><br>Attorney for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISAEL AMBRIZ, JIMMY NIMMO, CHRISTOPHER BISSONNETTE, AHMAD MEHDIPOUR, EUGENE ERLIKH, JAMES FOX, PETER SAMISH, and CHRISTOPHER BARULICH, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:23-cv-05437-RFL<br><br>**STIPULATED PROTOCOL RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION & [PROPOSED] ORDER** |

This Stipulated Protocol Re: Discovery of Electronically Stored Information and Proposed Order is based on the Northern District of California's Model Stipulated Order Re: Discovery of Electronically Stored Info (Standard Cases), with deviations indicated on the redline comparison attached hereto as Exhibit A.

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

Plaintiffs Misael Ambriz, Jimmy Nimmo, Christopher Bissonnette, Ahmad Mehdipour, Eugene Erlikh, James Fox, Peter Samish, and Christopher Barulich ("Plaintiffs"), and Google LLC ("Google") (Plaintiffs and Google, together, the "Parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. PROPORTIONALITY**

The Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Federal Rule of Civil Procedure 26(b)(1).[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**4. COST-SHIFTING**

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

## 5. LIAISON

The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 6. PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

a) Only ESI created or received between October 23, 2022 and the present will be preserved;

b) The Parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The Parties shall add or remove custodians as reasonably necessary;

c) The Parties will agree on the number of custodians per party for whom ESI will be preserved, searched, reviewed, and produced;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Federal Rule of Civil Procedure 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

    1. backup systems and/or tapes used for disaster recovery; and

    2. systems no longer in use that cannot be accessed.

e) Among the sources of data the Parties agree are not reasonably accessible, or not proportional to the needs of the case, the Parties agree not to preserve, search, review, or produce the following:

    1. voice messages;

2. information from hard drives, handsets, mobile devices, personal digital assistants, and tablets;

3. automatically saved versions of documents and emails;

4. video and audio recordings;

5. deleted, slack, fragmented, or other data accessible only by forensics;

6. systems, server and network logs;

7. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

8. on-line access data such as temporary internet files, history, cache, cookies, and the like;

9. dynamic fields of databases or log files that are not retained in the usual course of business; and

10. data in metadata fields that are frequently updated automatically, such as last opened dates.

**7. SEARCH**

a) The Parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b) Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers,

1  Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail
2  Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format,
3  Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files,
4  Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source
5  code files will be provided according to the Protective Order and not included in custodial data
6  productions.

7  c) A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment. An attachment is a file associated with an email for retention and storage as a single message unit.

14  d) Nothing in this Protocol shall be construed or interpreted as precluding a producing party from identifying, collecting, searching or performing review and analysis, including the use of TAR, to determine if a document is in fact responsive to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not responsive to the requesting party's request, or is privileged or otherwise protected, may be withheld.

20  e) Hyperlinks are not attachments and the extent to which linked content is collected, reviewed and produced will depend primarily on whether it independently meets the collection and search criteria for this action, the linked content is within the possession, custody, or control of the producing party, is responsive and not privileged, and is not otherwise subject to any other limitations in this Order. To the extent linked documents are produced, they will be produced in the form they exist at the time of collection.

26  f) If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the protective order governing this case.

8. **PRODUCTION FORMATS**

The Parties agree to produce documents in TIFF file format. If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

9. **PHASING**

a) When a party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the Parties agree to phase the production of ESI, including the possibility of rolling productions.

b) Following the initial production, the Parties will continue to prioritize the order of subsequent productions.

10. **DOCUMENTS PROTECTED FROM DISCOVERY**

a) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Federal Rule of Civil Procedure 26(b)(3)(A) and (B).

b) Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

c) Nothing in this Agreement shall be construed or interpreted as precluding a producing party from performing review and analysis to determine if a document is in fact relevant to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not relevant to the requesting party's request, or is privileged or otherwise protected, may be withheld.

11. **PRIVILEGE LOG**

a) If a party reasonably determines that one or more responsive documents are not discoverable because it is subject to the attorney-client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the party shall use reasonable efforts to

1 produce a log for each document or each category of documents withheld for privilege. A party 2 may produce a metadata log for some or all of the documents being withheld and the party receiving 3 the log may request additional information for a reasonable number of documents if it cannot in 4 good faith assess the basis for the Privilege claim. Notwithstanding the foregoing, a party is not 5 required to log the following: (1) redacted documents; (2) communications with counsel after the 6 date the complaint in this action was filed; or (3) documents that post-date the complaint and 7 constitute work product prepared in connection with this action.

    b)  Communications involving counsel or experts for the purpose of this litigation that post-date the filing of the first-filed complaint need not be placed on a privilege log.

    c)  Communications may be identified on a privilege log by category, rather than individually.

    d)  For email communications, only the last-in-time email in the chain will be set forth on the log.

## 12. MODIFICATION

This Order may be modified by a stipulated order of the Parties or by the Court for good cause shown. Any such modified stipulated order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified stipulated order will supersede the previous stipulated order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 19, 2025                                COOLEY LLP

                                                   By: */s/ Kristine Forderer*
                                                         Kristine Forderer

                                                   Attorney for Defendant
                                                   GOOGLE LLC

Dated: May 19, 2025                                BURSOR & FISHER, P.A.

                                                   By: */s/ Neal J. Deckant*
                                                         Neal J. Deckant

                                                   Attorney for Plaintiffs

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____May 19, 2025_____             _____
                                          HONORABLE RITA F. LIN
                                          United States District Judge

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 19, 2025

By: */s/ Kristine Forderer*
Kristine Forderer