UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FOX, et al.,

        Plaintiffs,

    v.

GOOGLE, LLC,

        Defendant.

Case No. 3:23-cv-05437-RFL   (KAW)

**ORDER REGARDING 12/12/25 JOINT DISCOVERY LETTER RE DEFENDANT'S LIMITATION TO PLAINTIFFS' REQUESTS**

Re: Dkt. No. 90

On December 12, 2025, the parties filed two joint discovery letters. The second letter concerns Defendant Google, LLC's unilateral limitation to Plaintiffs' discovery. (Joint Letter, Dkt. No. 90.)  In this putative class action, Plaintiffs allege that Google violated California's Invasion of Privacy Act by providing a customer support service solution, the Google Cloud Contact Center AI ("GCCCAI"), to Home Depot. *Id.* at 1. Plaintiffs allegedly made customer service calls to Home Depot in which they first spoke to a CCAI Virtual Agent before being transferred to a (human) customer service agent. *Id.* Plaintiffs allege that the use of GCCCAI on their calls makes Google liable for eavesdropping and wiretapping under California's Invasion of Privacy Act. *Id.*

Plaintiffs' propounded discovery seeks information regarding the GCCCAI platform, but Google unilaterally limited its responses to two features: "Virtual Agent" and "Agent Assist." (Joint Letter at 1.)  Google contends that its responses should be limited to the virtual agent feature because that is the only feature Home Depot used that is alleged in the complaint. (Joint Letter at 4.)  That argument is not well taken, because, as Plaintiffs argue, that representation is untrue. *See id.* at 1. Indeed, Plaintiffs allege that they called Home Depot customer service and first interacted with a virtual agent before being transferred to a human agent, and that Google eavesdropped on each plaintiff's entire conversation with the human agent using GCCCAI. (*See, e.g.,* Consolidated

United States District Court
Northern District of California

Am. Compl., Dkt. No. 45 ¶¶ 90-94.)  Moreover, Plaintiffs should not be expected to know the exact names of every feature employed by Home Depot during customer service calls nor should discovery be limited by generally referring to the non-human as a "virtual agent" in the operative complaint when Google could have been employing other platform features during these calls. *See ids.*  While Google's limitation is impermissible, it need not, however, provide discovery on those platform features not used by Home Depot during the relevant time period, as that would not be proportional under Federal Rule of Civil Procedure 26.

Accordingly, the Court finds Google's limitation improper, and Defendant is ordered to serve supplemental discovery responses addressing all Google Cloud Contact Center AI ("GCCCAI") features used by Home Depot and must do so within 21 days of this order.

IT IS SO ORDERED.

Dated: February 13, 2026

KANDIS A. WESTMORE
United States Magistrate Judge