UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES FOX, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE, LLC,<br><br>                    Defendant. | Case No. 3:23-cv-05437-RFL   (KAW)<br><br>**ORDER RE: 12/12/25 JOINT DISCOVERY LETTER REGARDING GOOGLE'S INTERROGATORY NO. 2**<br><br>Re: Dkt. No. 89 |

On December 12, 2025, the parties filed two joint discovery letters. The first letter concerns the sufficiency of Plaintiffs' individual responses to Interrogatory No. 2. (Joint Letter, Dkt. No. 89.)  To summarize, Plaintiffs allege that Google was eavesdropping on their conversations with Home Depot's (human) customer service agents via the Google Cloud Contact Center AI platform. *Id.* at 1.

Interrogatory No. 2 to Plaintiffs Barulich, Fox, and Samish requests that they describe "any and all information you shared with Home Depot in the telephone calls [at issue] that you consider to be or contain private information and the basis for your treatment of the information as such." (Joint Letter at 1, n.1, Ex. 1.)  In response, each plaintiff stated that they "reasonably believed that the entirety of his call with Home Depot customer service was private." *Id.* at 1.

Now, Google seeks to compel "a full and complete response" while Plaintiffs contend that the response is sufficient. (Joint Letter at 1.)  Google argues that it is seeking both the contents of the calls, which Plaintiffs addressed in response to Interrogatory No. 1, and which portions of those calls Plaintiffs are putting at issue in this lawsuit, so it knows which allegations it needs to refute. *Id.* at 3.

In opposition, Plaintiffs argue that the entirety of each call was private, and, by raising this

dispute, Google is ultimately asking Plaintiffs to exclude portions of the calls that they actually contend to be private. (Joint Letter at 3.)  This is well taken. As Plaintiffs point out, Google concedes that Plaintiffs responded to the more specific requests regarding the contents of their respective customer service calls in responding to Interrogatory No. 1. *Id.*  The Court agrees. Defendant propounded the interrogatory and Plaintiffs responded.  The fact that Google dislikes the answers it received, and would prefer to have the allegations narrowed, does not render the responses incomplete.

Accordingly, Google's request to compel supplemental responses to Interrogatory No. 2 is denied.

This resolves Dkt. No. 89.

IT IS SO ORDERED.

Dated: February 13, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2