KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
IAN KANIG - # 295623
ikanig@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Google Cloud Contact Center AI Privacy Litigation* | Lead Case No. 3:23-cv-5437-RFL<br>Consolidated Case No. 3:24-cv-06225-RFL<br>Consolidated Case No. 3:25-cv-10015-RFL<br>Consolidated Case No. 3:25-cv-10765-RFL<br>Consolidated Case No. 5:26-cv-02327-RFL<br><br>**REPLY IN SUPPORT OF GOOGLE LLC'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(6).**<br><br>Date: October 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4 — 17th Floor<br>Judge: Hon. Rita F. Lin<br><br>Date Filed: October 23, 2023<br><br>Trial Date: Not Yet Set |



6325037

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 3

A. Plaintiffs cannot dispute that they authorized service providers like Google to record their customer service calls in order to provide customer support. .................... 3

1. Plaintiffs bear the burden of plausibly pleading lack of consent and their conclusory allegation to the contrary is insufficient to satisfy it. ......................... 3

2. Plaintiffs cannot cure this consent defect because their incorporated contracts prove they consented to call recording by service providers. ............... 6

B. Plaintiffs confirm that they did not allege Google deliberately intercepted their calls without consent and cannot avoid the cases requiring that intent.. ....................... 9

C. Plaintiff Price squarely confirms that she cannot state a Section 632 claim. .............. 11

1. Price admits that she authorized Discover to record her calls, which precludes the confidentiality necessary to state a Section 632 claim. ................ 11

2. Price relies on faulty authorities to argue that Section 632 applies to wiretapping and admits Plaintiffs have not alleged a Section 631 claim. .......... 11

D. Plaintiff Samaco does not contend that he is a television subscriber, which means that he cannot state a Section 637.5 claim regarding television privacy .......... 12

III. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arroyo v. Google LLC*,
2026 WL 2445834 (N.D. Cal. Aug. 20, 2026) ....5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....5

*Augustine v. Lenovo (United States), Inc.*,
2023 WL 4938050 (S.D. Cal. Aug. 2, 2023) ....7

*Briskin v. Shopify Inc.*,
2026 WL 161441 (N.D. Cal. Jan. 21, 2026) ....2, 10, 11

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) ....4

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) ....4, 5

*D'Angelo v. Penny OpCo, LLC*,
2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ....11

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ....2, 10, 11

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....10

*Doe v. Microsoft Corp.*,
2023 WL 8780879 (W.D. Wash. Dec. 19, 2023) ....12

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ....4

*Faulkner v. ADT Sec. Servs., Inc.*,
706 F.3d 1017 (9th Cir. 2013) ....5

*Garcia v. Haskett*,
2005 WL 8162617 (N.D. Cal. Dec. 21, 2005) ....12

*Gladstone v. Amazon Web Servs., Inc.*,
739 F. Supp. 3d 846 (W.D. Wash. 2024) ....10

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ....1, 5, 8

*In re Google RTB Consumer Priv. Litig.*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) ....................4

*Javier v. Assurance IQ, LLC*,
2022 WL 1744107 (9th Cir. May 31, 2022) ....................4, 7

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) ....................7

*L.B. v. LinkedIn*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025)....................6, 10

*Lynch v. Express Scripts Holding Co.*,
2026 WL 1749550 (N.D. Cal. Jun. 17, 2026)....................7, 10

*Maghen v. Quicken Loans Inc.*,
94 F. Supp. 3d 1141 (C.D. Cal. 2015) ....................7, 11

*Manier v. Triple Lift Inc.*,
2026 WL 1295546 (C.D. Cal. Apr. 15, 2026) ....................2, 10, 11

*Matera v. Google Inc.*,
2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ....................4

*In re Meta Android Priv. Litig.*,
833 F. Supp. 3d 1010 (N.D. Cal. 2026) ....................6

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) ....................7

*Romero v. Securus Techs., Inc.*,
331 F.R.D. 391 (S.D. Cal. 2018) ....................10

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) ....................1, 4, 6

*Sorrell v. IMS Health Inc.*,
564 U.S. 552 (2011)....................8

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) ....................1, 8, 11

*Taylor v. ConverseNow Techs., Inc.*,
2025 WL 2308483 (N.D. Cal. Aug. 11, 2025) ....................10

*Tsering v. Meta Platforms, Inc.*,
2026 WL 89320 (N.D. Cal. Jan. 12, 2026) ....................2, 9, 10, 11

*United States v. Carey*,
929 F.3d 1092 (9th Cir. 2019) ....................4

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....................6

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ....................4, 5, 6

*Van Patten v. Vertical Fitness Grp., LLC*,
847 F.3d 1037 (9th Cir. 2017) ....................5

*Wilson v. Google LLC*,
2025 WL 901941 (N.D. Cal. Mar. 25, 2025)....................10

**State Cases**

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ....................1, 2, 8, 11

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ....................7

*People v. Lagunas*,
97 Cal. App. 5th 996 (2023) ....................8, 9

*People v. Ratekin*,
212 Cal. App. 3d 1165 (1989) ....................2, 12

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) ....................12

*Rojas v. HSBC Card Servs. Inc.*,
20 Cal. App. 5th 427 (2018) ....................10, 11

**Federal Statutes**

18 U.S.C. § 2511(2)(d) ....................4

**State Statutes**

Cal. Pen. Code § 631.................... *passim*

Cal. Pen. Code § 631(a) ....................4, 8, 12

Cal. Pen. Code § 631(b)....................5

Cal. Pen. Code § 632.................... *passim*

Cal. Pen. Code § 632(a) ....................4

Cal. Pen. Code § 632(b)....................5

Cal. Pen. Code § 632(c) ....................2, 10, 11

Cal. Pen. Code § 637.5 ........ *passim*

Cal. Pen. Code § 637.5(a)(1) ........ 1, 4, 8, 13

Cal. Pen. Code § 637.5(e) ........ 13

Cal. Pen. Code § 637.5(h) ........ 13

Cal. Pen. Code § 637.5(l) ........ 2, 12

**Other Authorities**

Cal. Bill Analysis, A.B. 2735, Assem. (Aug. 17, 1982) ........ 12

Hoff, Kenneth M.H., *Two-Way Cable Television and Informational Privacy*, 6 Hast. Comm & Ent. L.J. 797(1984). ........ 12, 13

## I. INTRODUCTION

In their opposition, Plaintiffs fail to mount any meaningful defense of their third amended consolidated complaint and, instead, make striking concessions that doom their claims under the California Invasion of Privacy Act ("CIPA"). Their action should be dismissed with prejudice.

**Consent.** Plaintiffs' core allegation is that they did not authorize Home Depot, Uber, Discover, and Verizon to use service providers like Google to record their customer service calls in order to provide them with customer support. Dkt. No. 112 ("TACC") ¶ 62. But Plaintiffs ***do not dispute*** that they respectively agreed—in written contracts they ***concede*** are incorporated by reference into their complaint—that: (1) Home Depot's "service providers" may collect "audio recordings" from "customer care calls" to provide "customer care"; (2) Uber may use "customer support platform[s] and service providers" that use "call recordings" "for customer support"; (3) Discover and other "Authorized Parties [may] record or monitor any calls between you and [Discover]," where "Authorized Parties" include "service providers"; and (4) Verizon may collect "voice recordings" from "calls . . . with our service and support representatives" using "service providers" for customer "support." Dkt. No. 123 ("Kanig Decl."), Exs. D–F at 1, 6–8 (Home Depot); *id.*, Exs. I–K at 1, 3, 6, 9 (Uber); *id.*, Ex. L at 3 (Discover); *id.*, Ex. Q at 1–2 (Verizon).

This undisputed pleading record is unambiguous: Plaintiffs permitted the businesses that they called to allow service providers including Google to record those calls for customer support purposes. Their action is fundamentally baseless, and no further amendment can save it. *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 953 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018).

Plaintiffs' argument that they did not know the precise contours of how service providers might ***use*** their call recordings is legally irrelevant and factually false. When a communication is lawfully acquired (here, as a function of consent), their CIPA claims place no limitation on how that information may then be used. *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023) (a Section 631 use claim is "contingent" on unlawful wiretapping or interception); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) (same); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002) (Section 632 concerns eavesdropping only, not use); Cal. Pen. Code § 637.5(a)(1) (same). In any case, Plaintiffs authorized service providers like Google

to use their call recordings to provide them customer support, which is all Google allegedly did.

**Intent.** Plaintiffs also concede that these disclosures were provided pursuant to Google's strict contractual instructions to its customers that they must secure all requisite consent from their end users before using Google's customer support services. Kanig Decl., Exs. T–U § 3.2. That instruction, combined with Plaintiffs' failure to allege that Google was even ***aware*** that their customer service calls were recorded without consent, precludes the possibility that Google had the wrongful criminal intent that CIPA requires. *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 840 (N.D. Cal. 2024); *Manier v. Triple Lift Inc.*, 2026 WL 1295546, at *3 (C.D. Cal. Apr. 15, 2026); *Briskin v. Shopify Inc.*, 2026 WL 161441, at *4 (N.D. Cal. Jan. 21, 2026). Plaintiffs contend that CIPA criminalizes any deliberate recording of a communication where consent was not secured, even if the defendant mistakenly thought that all parties had consented to that recording. Opp. at 8–10. But they cannot distinguish the Court's detailed rejection of that argument in the context of a similar statute with a ***lesser*** criminal intent standard. *Tsering v. Meta Platforms, Inc.*, 2026 WL 89320, at *4 (N.D. Cal. Jan. 12, 2026) (Lin, J.). Plaintiffs wrongly seek to transform CIPA into a ***strict liability crime*** for service providers if their customers try but fail to secure consent.

**Section 632.** Plaintiff Price, the only Plaintiff with a Section 632 claim, does not dispute that Discover told her that ***Discover itself*** may record her customer service calls. Kanig Decl., Ex. L at 3. But once a party knows their call may be recorded by ***anyone***, it is not "confidential" under Section 632's own terms. Cal. Pen. Code § 632(c); *accord Flanagan*, 27 Cal. 4th at 768.

This claim also fails because Section 632 is not a wiretapping law like Section 631: it applies ***only*** to "equipment which is not connected to any transmission line." *People v. Ratekin*, 212 Cal. App. 3d 1165, 1168 (1989). Plaintiffs cite the erroneous district court decisions noted in Google's motion, but they did not consider this binding precedent. The Court should reject them. To avoid this fatal defect, Plaintiffs argue that they do not allege Google's software is "connected to a transmission line." Opp. at 17. Not only does this fail to save Price's Section 632 claim, it means their Section 631 ***wiretapping*** claims, which require such a connection, must also fail.

**Section 637.5.** Plaintiff Samaco does not contend that he is a television subscriber, which precludes his Section 637.5 claim. Cal. Pen. Code § 637.5(l) ("The provisions of this section . . .

set forth minimum state standards for protecting the privacy of subscribers to . . . television services"). His proposed interpretation—that Section 637.5 applies to any subscriber of a service offered by a company that also offers television services—defies its text and legislative history.[1]

Plaintiffs' third amended consolidated complaint should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs cannot dispute that they authorized service providers like Google to record their customer service calls in order to provide customer support.

The gravamen of Plaintiffs' action is that they allegedly did not authorize a business they called for customer support to allow service providers like Google to record their calls in order to provide them customer support. TACC ¶¶ 115–47. Plaintiffs make this claim exclusively by repeating the same conclusory allegation throughout their complaint: "Neither [the business they called] nor Google procured [their] prior consent, express or otherwise, to have [Google] eavesdrop on [their] conversation with [that business]." TACC ¶¶ 62, 70, 77, 85, 93, 102. The reality—as their opposition concedes by stark omission—is that this basic premise is false.

Plaintiffs ***do not dispute*** that they entered into contracts with the business they called for customer support and ***concede*** those contracts are incorporated by reference into their complaint. Those contracts, as Google explained in detail in its motion, authorize those businesses to record their customer service calls using service providers to provide customer support. MTD at 6–10.

Instead, Plaintiffs contend that it is not their burden to allege lack of consent and, even if it were, their conclusory allegation is sufficient to avoid dismissal. Opp. at 3–4. They also contend their contracts did not disclose: (1) that Google specifically may record their calls (*id*. at 4); (2) that calls are recorded "in real time," *i.e.*, during calls (*id.* at 5); and (3) exactly how Google may use call recordings to provide them customer support (*id.* at 5–8). These arguments are meritless.

#### 1. Plaintiffs bear the burden of plausibly pleading lack of consent and their conclusory allegation to the contrary is insufficient to satisfy it.

The weight of authority holds that Plaintiffs must plausibly allege a lack of consent to

[1] Plaintiffs disavow any claims based on their initial call with Google's virtual agent. Opp. at 19. To the extent that Plaintiffs asserted those claims, they should also be dismissed with prejudice.

state their claims, a requirement that their bare, conclusory allegation fails to meet. MTD at 11–12. For that reason, their action fails even in the absence of the evidence proving their consent.

Decisions holding otherwise have conflated the federal Wiretap Act with CIPA. Under the Wiretap Act, consent is an ***exception*** to liability contained in a separate clause, and defendants "seeking the benefit of the exception" bear the "burden to prove consent." *Matera v. Google Inc.*, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016) (discussing 18 U.S.C. § 2511(2)(d)); *accord In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935, 949 (N.D. Cal. 2022). This accords with the general rule of statutory construction providing that defendants bear the burden of proving exceptions that are separate from a liability clause. *United States v. Carey*, 929 F.3d 1092, 1099–1100 (9th Cir. 2019) (quoting *United States v. Cook*, 84 U.S. 168, 173–74 (1872)). When analyzing Wiretap Act and CIPA claims together, some courts have assumed that consent is also an affirmative defense to CIPA claims, citing to Wiretap Act cases and then to each other. *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) (citing *Matera*); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 936 (N.D. Cal. 2023) (citing *Google RTB* and *Calhoun*).

This is incorrect. Lack of consent is a ***claim element*** for each of Plaintiffs' CIPA claims that is set out in their liability clauses, not in a separate consent exception like the Wiretap Act. Cal. Pen. Code § 631(a) (prohibiting "unauthorized" wiretaps and interceptions made "without the consent of all parties"); *id.* § 632(a) (same for eavesdropping done "without the consent of all parties"); *id.* § 637.5(a)(1) (same for eavesdropping done "without obtaining the express written consent of the subscriber"). *Smith v. Facebook* correctly elucidated this distinction between the Wiretap Act and CIPA. 262 F. Supp. 3d at 955, *aff'd,* 745 F. App'x 8. California's model jury instructions confirm that this is correct. Jud. Council of Cal. Civ. Jury Instruction 1809; Cal. Jury Instr., Crim. 13.01. So does the general rule regarding the burden of pleading claim elements. *Carey*, 929 F.3d at 1100. So do Plaintiff's authorities. *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023); *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 941 (S.D. Cal. 2024); *see also Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (finding that the plaintiff had plausibly alleged lack of consent in his complaint).[2]

[2] Indeed, Section 631 and 632 have separate exceptions, making it clear that all the language in

Plaintiffs tactically omit the Ninth Circuit's complete statement on the burden of consent in *Calhoun v. Google, LLC*. The Ninth Circuit ***did not analyze the issue*** because "[t]he parties agree that consent is 'an affirmative defense for which defendant bears the burden of proof.'" 113 F.4th 1141, 1147 (9th Cir. 2024) (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)). *Van Patten* was not a CIPA case, but concerned a claim brought under the Telephone Consumer Protection Act, for which the FCC issued an order that the burden of consent lies with the defendant. 847 F.3d at 1044 (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 (Jan. 4, 2008)); *accord Arroyo v. Google LLC*, 2026 WL 2445834, at *2 (N.D. Cal. Aug. 20, 2026) (Lin, J.).

Because Plaintiffs bear the burden of plausibly pleading lack of consent, their conclusory allegation that they did not consent to eavesdropping by service providers is squarely insufficient. This allegation is a legal conclusion unsupported by any specific facts whatsoever. TACC ¶¶ 62, 70, 77, 85, 93, 102. It is a "threadbare recital" of a CIPA claim element, "precisely the kind that *Iqbal* prohibits." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *accord In re Google Assistant*, 457 F. Supp. 3d at 828 (rejecting virtually identical "conclusory" allegations of lack of consent on this basis).

The authorities that Plaintiffs cite for the proposition that their complaint is adequate are distinguishable because the complaints in those actions alleged ***specific facts*** about the plaintiffs' lack of consent. *See Javier v. Assurance IQ, LLC*, No. 3:20–cv–02860 (N.D. Cal. Jan. 26, 2023), Dkt. No. 79 ¶¶ 26–48, 60–70 (alleging each step of the plaintiff's interaction with the website at issue in detail, including screenshots, as well as the defendant's privacy policy, to allege that he did not consent to any recording); *Valenzuela*, No. 22–cv–09042 (N.D. Cal. Mar. 9, 2023), Dkt. No. 17 ¶¶ 4, 13, 19, 23, 24 (same); *Esparza v. Kohl's*, No. 3:23–cv–01988 (S.D. Cal. Oct. 27, 2023), Dkt. No. 1–2 ¶¶ 27–37 (alleging in detail how the defendant intercepted website data without ever informing the plaintiff). In contrast, Plaintiffs' complaint fails to allege ***any*** specific facts regarding their lack of consent. They are silent about whether they were advised on their customer service calls that they would be recorded, and they completely ignore the disclosures

---

Section 631(a) and Section 632(a) are claim elements. Cal. Pen. Code §§ 631(b), 632(b).

that Home Depot, Uber, Discover, and Verizon made to them in their privacy policies. *See In re Meta Android Priv. Litig.*, 833 F. Supp. 3d 1010, 1023–24 (N.D. Cal. 2026) (stating that the failure to dispute relevant privacy policies, even ***without*** incorporation, may warrant dismissal).

### 2. Plaintiffs cannot cure this consent defect because their incorporated contracts prove they consented to call recording by service providers.

Plaintiffs cannot cure this consent defect. They concede that their contracts with Home Depot, Uber, Discover, and Verizon are incorporated by reference into their complaint. That means that the Court should treat their Terms and Privacy Policies as part of the complaint as if they were fully set forth therein. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The Privacy Policies in these contracts are clear and unambiguous. They each expressly authorize service providers to record customer service calls to provide customer support. Kanig Decl., Exs. D–F at 1, 6–8 (Home Depot disclosed that "we"—defined to mean both Home Depot and "affiliates" like its "service providers"—collect "audio recordings" of "customer care calls" to provide "customer care"); *id.*, Exs. I–J at 3, 9 (Uber disclosed that it uses "customer support platform[s] and service providers" that use "call recordings" "for customer support"); *id.*, Ex. L at 3 (Discover disclosed that "service providers" "may record or monitor any calls" with Discover); *id.*, Ex. Q at 1–2 (Verizon disclosed that "service providers acting on our behalf" "collect information when you interact with us" including "voice recordings" for customer "support").

That express contractual consent dooms Plaintiffs' CIPA claims. *Smith*, 262 F. Supp. 3d at 953, *aff'd*, 745 F. App'x 8. Their own authorities agree. In *L.B. v. LinkedIn*, the court held that Spring Fertility properly disclosed that it "collects users' personal information" using "Targeting Cookies" and "may disclose this information 'to a third party for a business purpose.'" 2025 WL 2899514, at *8–11 (N.D. Cal. Oct. 10, 2025). These disclosures were "so specific that there can be no reasonable expectation that the information provided to Spring Fertility is private." *Id.* at *11. That a third party was collecting the data with those cookies was irrelevant. *Id.* at *1–2, 11. Plaintiffs' contracts are ***even more specific*** because they call out the role of service providers.

This distinguishes the authorities that Plaintiffs cite for the proposition that consent cannot be resolved on the pleadings. *See Valenzuela*, 674 F. Supp. 3d at 756–57 (consent could not be

resolved on the pleadings because there were disputes about whether the plaintiff had "notice" of relevant privacy policies and contrasting "situations in which the plaintiff consented under CIPA by expressly agreeing to a privacy policy"); *Augustine v. Lenovo (United States), Inc.*, 2023 WL 4938050, at *2 (S.D. Cal. Aug. 2, 2023) (same); *see also Javier*, 2022 WL 1744107, at *2 (the plaintiff's theory was that the data collection occurred ***before*** she consented to that collection).

Plaintiffs also contend the disclosures here were not effective because they do not disclose that "[Google] specifically is recording the calls." Opp. at 4. Plaintiffs do not cite any authority for the proposition that privacy policies must disclose their service providers by name in order for their disclosures to be effective. And there are many authorities to the contrary. *E.g., Maghen v. Quicken Loans Inc.*, 94 F. Supp. 3d 1141, 1145, n.3 (C.D. Cal. 2015), *aff'd in relevant part*, 680 F. App'x 554 (9th Cir. 2017) (rejecting this exact argument); *see also Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1057 (N.D. Cal. 2025) ("highly granular disclosure[s]" are not required).[3]

Plaintiffs next argue that the disclosures do not state that call recordings would happen in "real time." Opp. at 4. They again cite no authority to support this argument. By definition, calls must be recorded in real time; there is no other way to record a call. No reasonable consumer could think otherwise, and consent does not turn on an unreasonable interpretation of disclosures. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (affirming dismissal with prejudice of consumer claims where the plaintiff's theory required consumers to understand disclosures in an "impossible" manner, as here); *Lavie v. Procter & Gamble Co.,* 105 Cal. App. 4th 496, 504 (2003) (California law does not apply a "least sophisticated consumer standard").

Finally, Plaintiffs argue that the Privacy Policies did not disclose the precise contours of how their call recordings may then be ***used*** by service providers to provide customer support. In particular, they say that the Privacy Policies did not disclose that recordings would be transcribed, used to recommend helpful reference materials and suggested responses, and may be used to train Google's language recognition software that enables its customer support services. Opp. at 5–8.

[3] Plaintiffs' similar argument—that Uber's identification of Google as a third party that collects data through Google Maps renders its other disclosures inadequate—fails because that more specific disclosure is not contradictory. *Cf. Lynch v. Express Scripts Holding Co.*, 2026 WL 1749550, at *3 (N.D. Cal. Jun. 17, 2026) (denying in part motion to dismiss where contradictory disclosures partially invalidated consent but otherwise finding consent was properly secured).

This argument misunderstands their CIPA claims. Section 631(a) contains four distinct liability clauses: (1) wiretapping without authorization; (2) interception without the consent of all parties to a communication; (3) the subsequent use of information that is unlawfully obtained from a wiretap or interception; and (4) accessory liability for those offenses. Cal. Pen. Code § 631(a). The statutory text of Section 631(a) is clear that ***unless*** a wiretap or interception is unlawful, there is no prohibition on the subsequent use of the contents of that communication for any purpose. *Id.* (Section 631(a)'s use clause applies only to one "who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, ***any information so obtained***") (emphasis added). Courts are unanimous that Section 631's use claim is thus "contingent" on finding a violation of one of the clauses prohibiting unlawful wiretapping or interception. *Swarts*, 689 F. Supp. 3d at 744; *accord Google Assistant*, 457 F. Supp. 3d at 827. And Section 632 and Section 637.5 contain no restriction on the subsequent use of information. Cal. Pen. Code §§ 632, 637.5. Those laws prohibit nonconsensual eavesdropping. *Flanagan*, 27 Cal. 4th at 776 (holding that, under Section 632, "the Legislature's ongoing concern is with eavesdropping or recording of conversations, not later dissemination"). If there is consent to record, there is no CIPA violation.

Plaintiffs' interpretation of CIPA would write the use clause out of Section 631(a) and write a use clause into Sections 632 and 637.5. That violates basic rules of statutory construction. *People v. Lagunas*, 97 Cal. App. 5th 996, 1009 (2023) ("Courts may neither insert words nor delete words in an unambiguous statute"). Plaintiffs' interpretation would also criminalize the mere use of information by authorized call participants unless they received consent for each use. That would criminalize broad swathes of everyday conduct. No court has ever suggested that.[4]

The Court's decision in *Meta Android Privacy Litigation* is perfectly consistent. In that case, Meta's privacy policy disclosures were held insufficient to defeat a variety of privacy claims on a motion to dismiss because a reasonable consumer could have understood them not to permit the challenged ***initial data collection***. 833 F. Supp. 3d at 1023–27. Specifically, Meta allegedly created a "backdoor" to collect data from "one app installed on an Android device (like the

[4] Indeed, if CIPA blanketly prohibited the use of lawfully-acquired information, that would raise significant First Amendment concerns. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 578 (2011) (restrictions on using lawfully-acquired information are subject to First Amendment scrutiny).

Facebook or Instagram app)" and was "not supposed to be able to access data collected or stored by another app (like a web browser), and vice versa." *Id.* at 1029. "Thus, Meta was not 'authorized ***in the first instance*** to take and use' Plaintiffs' [data]." *Id.* (emphasis added).

In any case, the Privacy Policies disclosed that Plaintiffs' call recordings may be used to provide "customer support" and to improve the facilities that provide customer support, including by training artificial intelligence and machine learning software and by conducting data analysis. Verizon disclosed that it "may use automated processing, including artificial intelligence" and "may use machine learning techniques to train algorithmic models with information we have about you and other customers[.]" Ex. Q at 1–2. Uber disclosed that data is used "for analysis, research and product development, including training machine learning models." Ex. I–J at 6. Discover disclosed that it may use data to "conduct research and data analysis" and "maintain and enhance a product or service." Ex. O at 2. And Home Depot disclosed that "[p]roviders of digital analytics services" may "process information on our behalf" to "improve our business, products, and services." Exs. D–F at 6–7. Those broad disclosures cover precisely what Plaintiffs allege.

**B. Plaintiffs confirm that they did not allege Google deliberately intercepted their calls without consent and cannot avoid the cases requiring that intent.**

Even if there were some defect in these disclosures, which there is not, Plaintiffs still have not stated any cognizable CIPA claims because they cannot allege that Google had the deliberate and conscious goal to interception their communications ***without consent***. MTD at 14–17. The whole point of CIPA is to criminalize wiretapping and eavesdropping that the defendant knows is happening without the knowledge of the parties to the communication. That's why it's a ***crime***.

In their opposition, Plaintiffs do not contend that they have alleged Google had that goal. Instead, they argue their CIPA claims require only that Google have "acted deliberately rather than by accident or mistake" in making recordings of their customer service calls. Opp. at 8. That is incorrect, and Plaintiffs refuse to engage with the Court's detailed analysis of a nearly identical issue in *Tsering v. Meta Platforms*. The Court analyzed parallel language in CDAFA, which—like Section 631's prohibition on intercepting communications "willfully and without consent"—prohibits accessing computer data "knowingly and without permission." 2026 WL

89320, at *4. The Court held, applying fundamental rules of statutory construction, that the "knowingly" intent standard modifies each element of the crime, including "without permission." *Id*. Thus, to violate CDAFA, a defendant must know it does not have permission to access data.

That statutory construction applies with full force to Section 631. *Doe I*, 741 F. Supp. 3d at 840; *Triple Lift*, 2026 WL 1295546, at *3 (CIPA covers "deliberately collecting data without consent"); *Shopify*, 2026 WL 161441, at *4 (same). The same is true for Section 632. Plaintiffs agree that its intent element is satisfied only where a defendant has "knowledge to a substantial certainty" that its conduct will capture confidential communications. *Rojas v. HSBC Card Servs. Inc.*, 20 Cal. App. 5th 427, 435 (2018). A communication is confidential when it is "carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto[.]" Cal. Pen. Code § 632(c). Thus, applying the logic of *Tsering* to Section 632, the defendant must know that it does not have consent to record the communication. And Plaintiffs do not dispute that Section 637.5 requires the same "wrongful intent." *Romero v. Securus Techs., Inc.*, 331 F.R.D. 391, 408 (S.D. Cal. 2018). Because Plaintiffs do not even try to allege that Google knew it lacked their consent to record their calls, their entire action fails.

Plaintiffs contend that Google's intent is not an issue resolvable on the pleadings, but their authorities are all readily distinguishable. *See Lynch*, 2026 WL 1749550, at *3–4 (denying in part motion to dismiss on intent grounds where the defendant made contradictory disclosures); *L.B.*, 2025 WL 2899514, at *11 (same because HIPAA prohibited collecting the sensitive health data at issue); *Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *6 (N.D. Cal. Aug. 11, 2025) (applying a lesser intent standard from a different statute); *Wilson v. Google LLC*, 2025 WL 901941, at *1 (N.D. Cal. Mar. 25, 2025) (alleging that Google "intentionally encourages" website operators to "use a critical new feature that allows [it] to avoid privacy settings"); *Gladstone v. Amazon Web Servs., Inc.*, 739 F. Supp. 3d 846, 852 (W.D. Wash. 2024) (the defendant did not argue there was any attempt to secure the plaintiff's consent, relying only on its contract); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023) (the defendant allegedly did not intend to abide by its contractual restrictions requiring end user consent); *Romero*, 331 F.R.D. at 408 (denying the plaintiffs' summary-judgment motion as to intent and refusing to consider the

defendant's intent argument because it was improperly raised in its class-certification opposition); *Rojas*, 20 Cal. App. 5th at 435 (denying summary judgment where the defendant knowingly recorded its employees' personal calls, but never sought to secure the consent of their callers).

Plaintiffs cannot cure this intent defect because they do not dispute that Google requires its customers to secure all requisite consent from their end users before using its services or face immediate contract termination. Kanig Decl., Exs. T–U § 3.2. Plaintiffs attempt to distinguish Google's authorities on the grounds that the defendants in "all" of those cases "told their business partners *not* to send them the data at issue." Opp. at 11–12. That is false. Both *Triple Lift* and *Shopify* involved indistinguishable contractual instructions. *Triple Lift*, 2026 WL 1295546, at *3 (dismissing CIPA claims for failure to allege intent because "Triple Lift's policies [] require its customers . . . to comply with data protection laws and ensure privacy disclosures"); *Shopify*, 2026 WL 161441, at *4 (same). That the defendants in *Doe I* and *Tsering* told their customers not to send them health data (as opposed to other data) is irrelevant because "[Google's] state of mind is the same" in view of its contractual instructions. *Shopify*, 2026 WL 161441, at *5.

**C. Plaintiff Price squarely confirms that she cannot state a Section 632 claim.**

**1. Price admits that she authorized Discover to record her calls, which precludes the confidentiality necessary to state a Section 632 claim.**

Plaintiff Price concedes that Section 632 does not cover "***any . . . circumstance*** in which the parties to the communication may ***reasonably expect*** that the communication ***may be*** . . . ***recorded***." Cal. Pen. Code § 632(c) (emphasis added); *accord Flanagan*, 27 Cal. 4th at 776–77. She does not contest that she consented to Discover recording her calls. Kanig Decl., Ex. L at 3. That bars her Section 632 claim. *Maghen*, 94 F. Supp. 3d at 1145–46. Indeed, even without this disclosure, it is "objectively unreasonable" to think that customer service calls are confidential. *Swarts*, 689 F. Supp. 3d at 747; *D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793, at *10 (S.D. Cal. Oct. 24, 2023). These cases do not turn on whether a first party or a third party is recording.

**2. Price relies on faulty authorities to argue that Section 632 applies to wiretapping and admits Plaintiffs have not alleged a Section 631 claim.**

Plaintiff Price does not attempt to distinguish the binding California authority holding that

Section 632 claims apply only to "***equipment*** which is ***not connected*** to any transmission line." *Ratekin*, 212 Cal. App. 3d at 1168 (emphasis added). That is what distinguishes Section 632 eavesdropping claims from Section 631 wiretapping claims. *Id.* The conduct the statutes prohibit is "***clearly distinguished, separate and mutually exclusive***." *Id.* (emphasis added). Price points only to district court cases that did not consider this issue. Opp. at 16. They are thus irrelevant.

Perhaps realizing the fatal nature of this defect, Price tries to avoid it by contending that Plaintiffs never allege that Google's software is "connected to" any "transmission line." Opp. at 17. But that means Plaintiffs' Section 631 claims must fail, too. Cal. Pen. Code § 631(a).

Further, Section 632 does not apply to software because it is not a "device." *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985) (Section 632 applies to "mechanical device[s]"); *Doe v. Microsoft Corp.*, 2023 WL 8780879, at *8 (W.D. Wash. Dec. 19, 2023) (dismissing on this basis); *Garcia v. Haskett*, 2005 WL 8162617, at *7 (N.D. Cal. Dec. 21, 2005) (same). Plaintiffs point to the cases Google identified in its motion, but they do not dispute those cases improperly relied on Wiretap Act cases with a virtually unlimited definition of "device." MTD at 19, n.2.

### D. Plaintiff Samaco does not contend that he is a television subscriber, which means that he cannot state a Section 637.5 claim regarding television privacy.

Plaintiff Samaco concedes that he is not a cable or satellite television subscriber. Opp. at 17–19. That means he cannot state a Section 637.5 claim because that statute repeatedly makes clear that it applies only to cable or satellite television subscribers. MTD at 19–20. Samaco disagrees, contending that Section 637.5 applies to the subscriber of ***any*** service if the company offering that service separately provides cable or satellite television services. Opp. at 17–19.

That is simply incorrect. Section 637.5(l) expressly states that "[t]he provisions of this section are intended to set forth minimum state standards for protecting the privacy of ***subscribers to cable television services***[.]" Cal. Pen. Code § 637.5(l) (emphasis added). Samaco says this provision does not pertain to "the definition of the protected class," Opp. at 18, but that is exactly what it says. The bill enacting Section 637.5 was entitled "***Cable television: privacy***." Cal. Bill Analysis, A.B. 2735, Assem. (Aug. 17, 1982) at 1389 (emphasis added). And commentators have always understood this law protects television subscribers. Hoff, Kenneth M. H., *Two-Way Cable*

*Television and Informational Privacy*, 6 Hast. Comm & Ent. L.J. 797, 822–26 & n.146 (1984).

Samaco's interpretation also defies the text of the claim he asserts. Section 637.5(a)(1) prohibits a "satellite or cable television corporation" from conducting surveillance "without obtaining the express written consent of ***the subscriber***." Cal. Pen. Code § 637.5(a)(1) (emphasis added). And Section 637.5(h), in turn, prohibits "[a]ny person receiving subscriber information from a satellite or cable television corporation." *Id.* § 637.5(h). But "the subscriber" described in these provisions must be a "satellite or cable television" subscriber, as their text and several other provisions of Section 637.5 confirm. *E.g., id.* § 637.5(e) ("Upon ***a subscriber's application for satellite or cable television service***, . . . a satellite or cable television corporation shall [explain] ***the subscriber's right to privacy protection afforded by this section***.") (emphasis added).[5] While no court has ever interpreted these provisions, their plain meaning precludes Samaco's claims.

## III. CONCLUSION

The Court should dismiss Plaintiffs' third amended consolidated complaint with prejudice.

Dated: September 10, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Ian Kanig*
BENJAMIN BERKOWITZ
MATAN SHACHAM
CHRISTINA LEE
IAN KANIG

Attorneys for GOOGLE LLC

[5] Further, Section 637.5(a)(1) permits "[a] satellite or cable television corporation [to] conduct electronic sweeps of ***subscriber households*** to monitor for ***signal quality***." Cal. Pen. Code § 637.5(a)(1) (emphases added). That rather plainly refers to television signal quality.