UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FOX, et al.,

Plaintiffs,

v.

GOOGLE, LLC,

Defendant.

Case No. 23-cv-05437-RFL

**NOTICE OF QUESTIONS FOR HEARING**

Re: Dkt. Nos. 117, 121

The Court requests that the parties be prepared to address the following questions at the hearing on Google's motion to compel arbitration and motion to dismiss, set for October 13, 2026, at 10:00 a.m., in Courtroom 4 on the 17th floor of the San Francisco Courthouse:

1. Plaintiffs argue that they did not consent to how Google used the recordings at issue, but doesn't Section 631(a) require consent only to the alleged recording or interception, not to the subsequent use of the information obtained?
2. Assuming Section 631(a) requires consent only to the alleged recording or interception itself, haven't the accountholder Plaintiffs consented to that in the Privacy Policies? Do the allegations nonetheless support a plausible inference that Plaintiffs would not have consented to the recording of the calls in the first place if they had known the information would be used for Google's own purposes, rather than merely to assist Home Depot, Discover, Uber, and Verizon?
3. Section 631(a) prohibits a defendant from "intentionally" engaging in an unauthorized wiretap or "willfully" intercepting communications without consent. Do Plaintiffs dispute that this requires a defendant to know that the recording or interception is unauthorized? For example, imagine that Home Depot gave Google

an audit trail showing it had informed customers of the recording at issue, but Home Depot's audit trail turned out to be inaccurate. Is it Plaintiffs' view that Google would still be liable under Section 631(a) if Google intentionally recorded the conversation under the mistaken impression the customer had consented?

4. Google submitted additional evidence on reply that Price assented to the arbitration agreement at issue, but Price did not have an opportunity to respond. (*See* Dkt. Nos. 132-134.) Does Price dispute the reply evidence provided?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: October 8, 2026

RITA F. LIN
United States District Judge